# CHARLESTON.

SILVERMAN *v.* GREASER *et al.*

Submitted January 23, 1886.—Decided February 13, 1886.

1. Where a suit is brought to set aside a fraudulent conveyance made by a husband to his wife, depositions taken after notice given to the wife may be read as against her, and although read against her husband also, and she alone appeals from the decree setting aside her deed, she can not have the decree reversed, because her husband had no notice of the taking of the depositions. (p. 552.)

2. In such a case counsel for the wife at her request has no right to appear for her husband to object to the depositions for him, on the ground that he had no notice of the taking of such depositions. (p. 552.)

3. Where it is shown, that there was fraud in fact in the making of a deed conveying real estate, whether the actual fraudulent intent relates to existing creditors or is directed exclusively against subsequent creditors, the effect is precisely the same, and subsequent as well as existing creditors may for such fraud successfully impeach such conveyance. (p. 553.)

4. If the deed is fraudulent in fact, it matters not, whether the grantor had much or little property, when the conveyance was made. (p. 554.)

*R. Wiley, Jr.,* for appellant.

No appearance for appellee.

JOHNSON, PRESIDENT:

In 1881 Samuel Silverman brought his suit in equity in the circuit court of Mason county setting up a number of judgments against Daniel Greaser, and charged, that with the intent to hinder, delay and defraud his creditors on August 31, 1872, the said Greaser and wife conveyed two lots in the town of Mason in said county to one John Young; that no consideration whatever was paid for said property by Young; that without consideration and in fraud of the creditors of said Greaser the said property was by said Young and wife on August 6, 1874, conveyed to Elizabeth Greaser, the wife of said Daniel. The bill prays, that the said deeds may be declared fraudulent as

to said judgments, and that said property may be subjected to the payment thereof. The bill alleges, that the defendant Daniel Greaser is willing, that said property * * may be sold to satisfy and pay off his just debts due his creditors, but the defendant, the said Elizabeth Greaser, his wife, still further attempting to hinder, delay and defraud the creditors of the said Daniel Greaser refuses to agree to the sale of said property, falsely claiming it as her own, &c. Daniel Greaser did not answer the bill; and it is very probable from the evidence, as it is show, that he has for several years, before the suit was brought, been living separate and apart from his wife and has considerable personal property in Ohio, where he is in the grocery-business, that he is more than willing that his wife shall be turned out of the house he had given her, in order to save his personal property in Ohio.

Elizabeth Greaser answered the bill, and in her answer, she denies the fraud charged; she says knew nothing about the indebtedness of her husband, that the conveyance was made for a consideration but does not state what it was; that at the time the conveyance was made to Young, it was not intended or understood that Young should convey it to her, but that after about two years her husband wanted it conveyed to her, that she and her children might be provided with a home; and that at that time her husband was not indebted to any one; that in 1876 her husband left her and went to the State of Ohio to live and now lives in Miamisburg in said state and is employed in selling groceries, and is doing a lucrative and profitable business; that he now has a stock of goods worth at least $2,000.00, which is unincumbered; that the plaintiff, Silverman, and the defendant, Peter Greaser, who also has a judgment in Mason county, both live in the State of Ohio and have lived there for several years past. The defendant further says, that "all of the parties owning the judgments against Daniel Greaser, as set forth in the plaintiff's bill, have never tried to collect the same from said Daniel Greaser, but have at the instance and request of said Greaser brought this suit to sell the defendant's property in order to relieve him from the burden of said indebtedness, and deprive her and her children of their home and support."

By an order entered May 6, 1882, the counsel of Mrs. Greaser at her request asked to appear for Daniel Greaser and except to certain depositions filed, which were taken without notice to said Daniel, which motion the court overruled.

On May 13, 1882, the cause was heard upon the pleadings, exhibits and depositions; and the said two deeds were set aside as to the judgment-liens, and the cause was referred to a commissioner to ascertain the amount of the liens and their priorities. On September 19, 1882, the case was again heard on the former orders and the report of the commissioner auditing the amounts and fixing the priorities of the liens, and the court confirmed the report and ordered that the property by a commissioner therein appointed be sold, &c.

From the said several decrees the defendant, Elizabeth Greaser, appealed.

The first error assigned is, that the court permitted one of the attorneys for the plaintiff to appear and waive notice to Daniel Greaser of the taking of certain depositions, thereby permitting an attorney to appear for both plaintiff and defendant in a suit, where their interests were opposite. Whatever may be said as to this action on the part of the court, it was not to the prejudice of the defendant, Elizabeth Greaser. She had notice, and the depositions were properly read as to her. Daniel Greaser filed no answer and could not take an appeal, if he had been so disposed, without first moving in the court below to set aside the decree.

It is also assigned as error, that the court refused to allow the attorney for the defendant, Elizabeth Greaser, to appear for Daniel Greaser at the request of Elizabeth Greaser and object to the reading of certain depositions, because Daniel Greaser had not been served with notice of the taking thereof. The court did not err in this. Elizabeth Greaser had no right to request counsel to appear for her husband. She could not object to reading the depositions as to herself, because Daniel Greaser had not been served with notice. She having been served with notice the depositions were properly read as to her. (*Bowyer* v. *Knapp & Martin*, 15 W. Va. 292.)

It is also insisted that the court erred in setting aside the

deed to Elizabeth Greaser, because Greaser was possessed of a considerable personal property at the time the conveyance was made; and that long after the making of said conveyance he sold off his personal property and removed to Ohio, where he is now engaged in business and has more than sufficient property to pay the judgments set up in the bill; and plaintiff residing in Ohio ought to have proceeded in that State and collected his claim.  Counsel for appellant cites to sustain this proposition, *Sayers* v. *Wall*, 26 Gratt. 354.  In that case it appeared that in 1855 Sayers made a deed, by which he conveyed to his wife about 700 acres of land.  At that time he owed no debt and had personal property, including slaves, amounting to $10,000.00 or $12,000.00.  It was held, that, there being no charge or proof of fraud by Sayers in making the deed, the subsequent creditors of Sayers had no equity against his wife and children entitling them to subject the land to the payment of debts subsequently contracted. This would be an authority, if at the time of the making of the deed here Daniel Greaser had not been in debt, and there had been no charge and proof of actual fraud in making the deed.  Here it is not only charged, but it is clearly proved, that the deed is fraudulent in fact.  It is proved by Greaser himself, that his object was to keep his creditors from subjecting the land to the payment of his debts, and being engaged, as he then was, in selling spirituous liquors without license to prevent it being subjected to the payment of fines which might be imposed upon him.  It is also shown, that his wife knew that he was in debt, and knew also the purpose for which the conveyance was made.  She was asked this question: "Did you not say to Mr. Young, before the deed was made to you, that what debts your husband owed he could pay himself; that your husband was careless and negligent about his business, and that you wanted him to deed the property to you for a home?"  She said: "I never told John Young that but told his wife."

Where it is shown, that there is fraud in tact in the making of the deed, whether the actual fraudulent intent relates to existing creditors, or is directed exclusively against subsequent creditors, the effect is plainly the same, and subsequent creditors as well as existing creditors may successfully im-

peach the conveyance. (*Lockhart & Ireland* v. *Beckly* 10 W. Va. 87). The deed being fraudulent in fact, it matters not, whether the grantor had much or little property, when the conveyance was made. But if it appeared from the pleadings and evidence, that at the time this suit was instituted, the defendant had ample personal property within the jurisdiction of the court, out of which the debts set up in the bill could have been paid, the deed being good between the parties, I think that the creditors would have been compelled to subject the personal property to the payment of such debts, before they would be permitted to go upon the property, which had been fraudulently conveyed to another. It is true that if the real property had not been conveyed, the judgment-lienor could at once proceed to enforce his lien against the realty without resorting at all to the personalty. (*Pecks* v. *Chambers,* 8 W. Va. 210.) This was a point attempted to be made in this cause ; but it appears from the evidence, that at the time this suit was instituted, the defendant, Daniel Greaser, had no personal property whatever within the jurisdiction of the court, nor does it appear that he had any real estate except the two lots conveyed to his wife.

It is insisted by counsel for appellant, that there appears from the record to have been a conspiracy between the defendant, Daniel Greaser, and his creditors to rob the petitioner of her property to pay his debts, in order to relieve the personal property of said Greaser from the payment of his debts. To sustain this assertion reference is had to the affidavit of one of the counsel for the plaintiff. We need not enquire into the effect of such a conspiracy, as the question is not raised by the record, the affidavit referred to being no part of the record. Neither is the question raised by the pleadings; and if it had been, it is not sustained by the proofs.

The decrees of the circuit court are affirmed.

AFFIRMED.