# CHARLESTON.

FAULKNER v. GRANTHAM, et als.

Submitted February 14, 1904—Decided March 15, 1904.

1. EXPRESS TRUST.—*Insufficient Evidence.*

    To sustain an express trust by oral testimony, against an absolute deed, after a lapse of over thirty years, the grantee being dead and having exercised complete control over the property during his lifetime, the evidence must be full, clear and explicit, and not open to grave doubts, contradictions and circumstances of suspicion. (p. 318).

2. EXPRESS TRUST—*Circuit Court's Decree Final.*

    When the circuit court has examined the testimony and found it insufficient to sustain an alleged verbal trust set up after a long lapse of time and the decease of the alleged trustee, this Court will not interfere with such finding unless it is plainly contrary to the competent evidence. (p. 319).

Appeal from Circuit Court, Berkeley County.

Suit by E. Boyd Faulkner and others against Melvina Grantham and others. Decree for plaintiffs, and defendant Josephine O'Brien appeals.

*Affirmed.*

D. B. LUCAS, MARSHALL McCORMICK, and FLICK, WESTENHAVER & NOLL, for appellant.

FAULKNER, WALKER & WOODS, INGLES & NADENBOUSCH, and H. H. EMMERT, for appellees.

DENT, JUDGE:

Josephine O'Brien complains of a decree of the circuit court of Berkeley county of the 5th day of March, 1903, dismissing her petition and amended petition filed in the chancery cause of *M. S. Grantham's Admr.* v. *M. S. Grantham's Heirs, &c.*

Appellant filed her petitions in said cause claiming that the property known as Grantham Hall, situated in Martinsburg, said county, was held in trust by M. S. Grantham, deceased, that the same had been purchased and paid for by her father, who conveyed and had the same conveyed to his uncle, M. S.

Grantham to be held in trust for her; that the said M. S. Grantham always acknowledged the trust and accounted for the rents until within a few years of his death, and she asked that the trust be sustained and a deed be executed conveying the legal title to her. The deed from the commissioners of the court to M. S. Grantham bears date the 10th day of January, 1855, the deed from Joseph W. Grantham to M. S. Grantham for the former's interest in the property, the 19th day of January, 1856. M. S. Grantham died in July, 1890. A period of over 34 years has passed since the making of the last of the two deeds, and now against the same the appellant attempts to set up a verbal trust and sustain the same by oral testimony, as she has not during all these thirty-four years any kind of writing to show the existence of such trust, nor does she furnish any sufficient legal excuse for not having asserted such trust during the life time of her alleged trustee.

This case is governed by the principles adjudicated in the case of *Troll* v. *Carter*, 15 W. Va. 567, where it is held that equity will never enforce "a parol trust where a great lapse of time has intervened since the absolute deed was executed, and where the grantee has during such time acted as the absolute owner of the property, unless the *laches* of those claiming to be *cestui ques trust* is satisfactorily explained" by evidence full, clear and unquestionable. Also on page 582, "All the authorities agree that an equitable claim of any sort, and especially one which depends on parol testimony only, will not be recognized after great lapse of time during which time it has been ignored where no satisfactory reason can be assigned for not setting up the claim sooner. And that is more especially true when the equitable claim is of a character which required clear and explicit evidence to sustain it; such lapse of time itself rendering the evidence which might otherwise have been regarded as sufficiently clear and explicit, unsatisfactory." A careful examination of the evidence in this case fails to show any good legal reason why this trust, if it existed, was not asserted during the lifetime of M. S. Grantham. The petitioner had thirty four years in which to do so, and yet the only reason for not doing so is the confidence she had in her trustee, who died without having in any writing of any description recognized such trust. Yet he wrote many letters, ten to the alleged creator of the trust, and

in none of which even in the vaguest manner did he recognize or admit such trust. On this question of lapse of time and insufficient excuse for delay this case could well be determined for the appellees.

"A court of equity, which is never active in relief of stale demands, will always refuse relief where the party has slept upon his rights and acquiesced for a great length of time. Nothing can call into activity this Court but conscience, good faith and reasonable diligence. Where these are wanting the Court is passive and does nothing." *Bill* v. *Schilling,* 39 W. Va. 108 (19 S. E. 514.)

The evidence taken as a whole, without regard to the competency of the witnesses, is neither full, clear nor explicit to establish the trust claimed. There is no evidence showing an accounting from year to year of the rents of the trust property, and what little evidence of accounting there is tends rather to show a secret trust in favor of Joseph W. Grantham rather than a trust in favor of the daughter. The only positive evidence is the various pretended verbal acknowledgments of M. S. Grantham made to the witnesses which are rendered insufficient and unsatisfactory by reason of his death and the relationship existing between the witnesses. The deeds, the will, which was refused probate and of which the principal witness, Joseph W. Grantham, the creator of the supposed trust and father of the appellant, had knowledge before the death of M. S. Grantham, and the numerous letters from what they fail to contain are all strongly contradictory to the alleged verbal statements made by the deceased. Besides the evidence of the appellant as to any transactions or communications had with the deceased is incompetent. Also the evidence of Joseph W. Grantham is equally incompetent. He was a party to the suit, and the creator of the trust, or the party through whom the appellant claims.

Section 23, chapter 130, Code, provides that: "No party to any action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness with regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, administrator,

heir at law, next of kin, assignee, legatee, devisee, or survivor of such person or the assignee or committee of such insane person or lunatic." The appellant derives her whole interest, from and through her father, Joseph W. Grantham, hence he is incompetent to testify, notwithstanding he may have an adverse interest, as to any transaction or communication he may have had with the decedent in establishing this alleged trust in favor of his daughter, Joseph W. Grantham being incompetent, so is his wife, H. C. Grantham, mother of the appellant. *Kilgore's Admr.* v. *Hanley,* 27 W. Va. 451. These three witnesses, who are the principal witnesses, and without whose testimony the case is of but little weight, are entirely incompetent as to any transactions or communications had personally with the deceased unless the opposing parties testified to identically the same communication or transaction. With the incompetent evidence in, the case made out by the appellant is full of so many doubts, perplexities and contradictions that this Court would not feel justified in disturbing the finding of the circuit court, and with the incompetent evidence out, the grounds for the interference of a court of equity is without foundation.

If the property is appellant's, as she claims, she has lost it by her own negligence in failing to make her claim good during the thirty-four years of M. S. Grantham's life, or procuring from him some transfer or acknowledgment thereof.

This case on its merits being plainly insufficient to sustain the trust set up by the appellant, it is unneccessary to consider the other technical grounds of error alleged. The decree is therefore affirmed.

*Affirmed.*