Syllabus.

## Staunton.

## CONSOLIDATED TRAMWAY COMPANY, INC.; AND OTHERS V. GERMANIA BANK AND OTHERS.

### September 20, 1917.

1. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Deed of Trust Reserving Power of Sale to Grantor.*—A deed of trust provided that until default should be made in the payment of the principal or interest of any of the bonds secured by it, the trustee should permit the grantor to sell the property covered by the deed, provided, however, that in the event of a sale of the property, the proceeds should be reinvested in other property, which should immediately become subject to the deed of trust.

   *Held:* That the absolute power of sale reserved to the grantor in the deed, as a matter of law, rendered it *per se* fraudulent and void under section 2458 of the Code of 1904.

2. FRAUDULENT CONVEYANCES—*Subsequent and Existing Creditors.*—Transactions which are condemned by section 2458 of the Code of 1904, may be impeached by both prior and subsequent creditors, while such as are included in section 2459 of the Code of 1904 can only be set aside at the suit of existing creditors. Section 2458 deals with fraudulent acts that are void, and, therefore, its operation is not limited to any particular class of creditors. It applies alike to all creditors who are delayed, hindered or defrauded of their rights by the device of the grantor, whether they be existing or subsequent creditors. On the other hand, section 2459 deals with gifts, conveyances, etc., that are voluntary, or upon consideration of marriage, which are only declared to be void as to "creditors whose debts shall have been contracted at the time it was made, but shall not, on that account, merely, be void as to creditors whose debts shall have been contracted * * * after it was made; and though it be decreed to be void as to prior creditors, because voluntary or upon consideration of marriage, it shall not for the cause be decreed to be void as to subsequent creditors. * * *"

Appeal from a decree of the Circuit Court of the city of Roanoke. Decree for complainants. Appellants appeal.

*Affirmed.*

The opinion states the case.

*Jackson & Henson, Woods, Chitwood & Coxe* and *Caldwell & Chaney,* for the appellants.

*Hart & Hart* and *Horace M. Fox,* for the appellees.

Whittle, P., delivered the opinion of the court.

On January 1, 1910, appellant conveyed to the Columbia Trust Company, trustee, certain patent rights, an aerial tramway and stock in other tramway companies, to secure a proposed bond issue of $100,000, to be issued from time to time as the exigencies of the company should demand. On September 12, 1912, appellant conveyed to the same trustee certain real estate in the city of Roanoke, with the buildings and structures thereon and the machinery, implements, tools and fixtures in said buildings. On October 13, 1914, the appellant conveyed to the same trustee the property included in the deed of September 12, 1912, and "also all other property, real and personal and mixed whatsoever and wheresoever situated and now owned or which may hereafter be owned or acquired by the Consolidated Tramway Company, Inc." The two last named deeds were made "subject to all the trusts, provisos and conditions as are set forth in the deed of January 1, 1910." One of the trusts, provisos and conditions in the first deed (to which, as we have seen, the two subsequent deeds were made subject) is as follows: "Until default shall be made in the payment of the principal or interest of any of the bonds hereby

secured, or any part thereof, as and when the same shall become due and payable, or in the performance or observance of any condition, covenant or requirement of said bonds, or of this mortgage or deed of trust, the trustees shall permit and suffer the Consolidated Tramway Company, Inc., its successors and assigns, to sell, lease, use, possess, operate and enjoy the franchises and property herein mentioned and to receive and use the total incomes, rents, issues and profits thereof, provided, however, that in the event of a sale of any of the franchises or other property hereby conveyed, the proceeds arising from such sale other than the rents, issues and profits therefrom, shall be reinvested in other property, which shall immediately become subject to the conditions of this mortgage or deed of trust."

Chaney, the substituted trustee for the Columbia Trust Company, the original trustee, had advertised the property for sale when appellees, judgment creditors of appellants, filed their bill in the Circuit Court of the city of Roanoke to enjoin the sale and to have the deeds declared null and void, on the ground, among others, that the deeds of trust upon their face, as a matter of law, were fraudulent and null and void as to them and all other creditors of the Consolidated Tramway Company, Inc.

The debts upon which all these judgments were founded were contracted subsequent to the first deed of trust; two of them were contracted prior to the second and third deeds of trust, and the other debt was contracted subsequent to the second and prior to the third deed of trust.

From a decree perpetually enjoining the substituted trustee from executing the trusts because the "advertisement of the sale was fatally defective," and for the further reason that all three of the deeds of trust were fraudulent *per se* as to creditors of the Consolidated Tramway Company, Inc., and annulling the same, this appeal was allowed.

It will be unnecessary to consider the first ground upon which the circuit court rested its decree, since we are of opinion that the second ground is plainly right and is conclusive of the case.

There can be no question, according to the Virginia decisions, and, indeed, from the general course of decision elsewhere, that the absolute power of sale reserved to the grantor in all of these deeds, as a matter of law, renders them *per se* fraudulent and void under section 2458 of the Code.

From the case of *Lang* v. *Lee,* 3 Rand. (24 Va.) 410, decided in 1825, down to the present time, the proposition has been maintained that, "A deed of trust made by the debtor professedly for the indemnity of certain preferred creditors, reserving to the grantor a power over the property conveyed, inconsistent with the avowed purposes of the trust, and adequate to the defeat thereof, is, because of such reservation, void as to any creditor thereby postponed, and as to purchasers."

In *Perry* v. *Shenandoah Nat. Bank,* 27 Gratt. (68 Va.) 755, 757, it is said that, "the principal case (*Lang* v. *Lee, supra*) and the doctrine it established had been affirmed and approved in several subsequent cases and may now be held as the settled law of Virginia." See foot-note to principal case, Va. Rep. Ann., 608, where many of the cases are collected.

In *Brockenbrough* v. *Brockenbrough,* 31 Gratt. (72 Va.) 590, it is said: "There is no doubt that the provisions of a mortgage or deed of trust may be of such a character as of themselves to furnish evidence sufficient to justify the inference of a fraudulent intent. Such is the case when the grantor reserves a power over the property conveyed incompatible with the avowed purposes of the trust and adequate to the defeat thereof. This principle was enunciated

in *Lang* v. *Lee*, 3 Rand. (24 Va.) 410, and has been repeatedly recognized by this court in subsequent decisions." See also notes to section 2458, Va. Code, 1914.

Among the later decisions of this court on the subject we may refer to *Gray* v. *Atlantic Trust Co.*, 113 Va. 580, 75 S. E. 226, where, as in this case, the reservation is such as to raise a conclusive presumption of fraudulent intent and render the deed *per se* void, and it was held to come within the express interdiction of section 2458, and to be void as to all creditors whose rights are affected thereby.

Section 2458 deals with fraudulent acts that are void, and, therefore, its operation is not limited to any particular class of creditors. It applies alike to all creditors who are delayed, hindered or defrauded of their rights by the device of the grantor, whether they be existing or subsequent creditors. On the other hand, section 2459 deals with gifts, conveyances, etc., that are voluntary, or upon consideration of marriage, which are only declared to be void as to "creditors whose debts shall have been contracted at the time it was made, but shall not, on that account, merely, be void as to creditors whose debts shall have been contracted * * * after it was made; and though it be decreed to be void as to prior creditors, because voluntary or upon consideration of marriage, it shall not for that cause be decreed to be void as to subsequent creditors. * * *"

An examination of the decisions of this court shows that transactions which are condemned by section 2458 may be impeached by both prior and subsequent creditors; while such as are included in section 2459 can only be set aside at the suit of existing creditors.

In 6 Ency. Dig. of Va. and W. Va. Rep. 617, it is said: "There are few decisions in Virginia involving this point exclusively since the enactment of the statute in 1850, Va. Code (1887), sec. 2459. The tendency of the cases seems to be to give the statute its plain and evident meaning, and

there is no conflicting construction observed. The rule seems settled that in respect to after-existing creditors a fraudulent deed differs from one that is merely void because not upon a consideration deemed valuable in law, in that the former is void as to such creditors, as well as those whose debts were created after the deed was made; while the latter is only void as to antecedent debts, and may be wholly sustained as to those coming into existence after its date." *Broadfoot* v. *Dyer,* 3 Munf. (17 Va.) 350; *Hutchison* v. *Kelly,* 1 Rob. (40 Va.) 123, 39 Am. Dec. 250; *Ruddle* v. *Ben,* 10 Leigh (37 Va.) 467; *Johnston* v. *Zane,* 11 Gratt. (52 Va.) 552, 566; *Pratt* v. *Cox,* 22 Gratt. (63 Va.) 330, 337; *Whitten* v. *Saunders,* 75 Va. 563; *Johnson* v. *Wagner,* 76 Va. 587, 590; *McCormick* v. *Atkinson,* 78 Va. 8, 10; *Witz* v. *Osburn,* 83 Va. 227, 2 S. E. 33; *De Farges* v. *Ryland,* 87 Va. 404, 12 S. E. 805, 24 Am. St. Rep. 659; *Ferguson* v. *Daughtrey,* 94 Va. 308, 315, 26 S. E. 822; *Quinn-Marshall* v. *Whittaker,* 116 Va. 965, 971, 83 S. E. 398.

The same rule seems to prevail in West Virginia. Thus in *Silverman* v. *Greaser,* 27 W. Va. 550, it is said: "When it is shown that there is fraud in the making of a deed conveying real estate, whether the actual fraudulent intent relates to existing, or is directed exclusively against subsequent, creditors the effect is precisely the same and subsequent as well as existing creditors may for such fraud successfully impeach the conveyance."

The foregoing authorities sustain the proposition that the deeds in this instance, being fraudulent and void as a matter of law, were amenable to attack at the suit of subsequent creditors.

The conclusion we have reached with respect to these deeds imposes no unreasonable or embarrassing limitations upon public service or other corporations. Such corporations in the practical administration of their affairs are not infrequently confronted with the necessity of incurring

and taking care of large bonded indebtedness, and at the same time to retain such possession of their properties and revenues as will enable them to meet current expenses and discharge their duties to the public. Experience has taught that these purposes may be accomplished without transgressing any rule of law or violating the rights of general creditors; yet, neither such corporations nor private individuals may be permitted under the guise of securing creditors to reserve to themselves the power to defraud them.

The circuit court has rightly decided the questions involved in this litigation, and its decree must be affirmed.

*Affirmed.*