# Richmond.

## C. L. MILLER v. MARGARET V. MILLER.

### November 13, 1924.

1. DIVORCE—*Appeal and Error—Cruelty—Conflict in Evidence—Weight of Trial Court's Decree.*—In the instant case, a suit for divorce on the grounds of cruelty and desertion, while there was a conflict in the evidence the weight of the testimony plainly supported the allegations of the bill as to the charge of cruelty. The trial court so held and its conclusions upon the evidence are entitled to great respect, and ought not be disturbed unless they are contrary to the evidence or without evidence to support them.

2. DIVORCE—*"Cruelty"—"Reasonable Apprehension of Bodily Hurt."*—The Virginia statute authorizes a divorce to be granted for "cruelty" or "reasonable apprehension of bodily hurt." If it appear from the whole case that the conduct of the guilty party is such as tends to endanger the life, limb, or health of the other party, or such as to render cohabitation unsafe and improper, then the court can have no hesitation in granting the divorce on either ground.

3. DIVORCE—*Cruelty—Conduct of Mother-in-Law.*—In a suit by a wife for divorce on the ground of cruelty there is no merit in the defense that the conduct of the wife's mother caused the defendant to do and say some of the improper things which he did and said. If the husband pours out his wrath or inflicts bodily injury upon his wife, the wrong done her is the same, regardless of the source from which such violence originated.

4. DIVORCE—*Costs—Case at Bar.*—In the instant case, a suit for divorce by a wife on the ground of cruelty, upon decree in favor of the wife, she is entitled to a decree for the cost of printing the brief and a reasonable allowance to her attorneys for services rendered in the appellate court.

5. DIVORCE—*Costs—Attorney's Fees—Case at Bar.*—In the instant case, a successful suit by a wife against her husband for divorce, in view of the husband's estate and the amount of his annual income, a fee of $250.00 to the wife's attorneys was considered to be excessive and the fee fixed at $100.00.

Appeal from a decree of the Circuit Court of Bath county. Decree for complainant. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*O. B. Harvey*, for the appellant.

*Curry & Curry*, for the appellee.

West, J., delivered the opinion of the court.

Margaret V. Miller sued C. L. Miller for a divorce on the ground of cruelty and desertion. The decree appealed from awarded her a divorce *a mensa et thoro.*

The only assignment of error is that the evidence does not show any legal ground for the granting of the divorce and the allowance of alimony and counsel fees.

The evidence discloses these facts in support of the complainant's bill:

In 1920, the complainant, at the age of eighteen, was married to the defendant, who was then forty-five years old. Shortly after the marriage the husband showed a lack of appreciation and sympathy for his young wife, and became overbearing and unkind, and later, at times, very abusive and cruel to her. After the birth of their only child, Sarah Lee Miller, his conduct towards her became unbearable. His treatment of her gradually grew worse, and on Wednesday, January 24, 1924, without just cause, he became very violent towards her, and grabbed her, threw her down, choked her and beat her until she was insensible. When she recovered he told her he was going to get a gun and kill her, her mother and himself. She was compelled to flee to her mother's home, about one

hundred yards away, for safety. He pursued her there and cursed and abused her and threatened to kill her mother. Convinced that it was not safe for them to remain near her husband, she took her child, and, accompanied by her mother, went to Craigsville, where they spent the night. Being afraid to return to Millboro where her parents and her husband resided, she decided to go to her aunt's home in Roanoke. While waiting for the train the next day, at Basic City, in an effort to take the child from her, Miller became very violent and made an assault upon her, for which he was tried, convicted and fined. The defendant has no control over his temper and when he gets mad acts like he is crazy or wild, and is a dangerous man.

The defendant testified that he was never at any time unkind or cruel to his wife; that her mother, Mrs. Lelia C. Watts, had a disagreement with him about the rent of some property and thereupon adopted every conceivable means of breaking up his home and estranging his wife from him; that Mrs. Watts said she did not expect to rest until she had separated her daughter from her husband and destroyed his home; and that she had succeeded in carrying her threat into execution. The defendant claims further that Mrs. Watts' influence over his wife had not only brought about the separation, but had prevented a reconciliation.

A number of witnesses, other than the complainant and defendant, testified in the case. Every witness who saw Mrs. Miller after she was choked testified that she said her husband had thrown her down and choked her. Several of them saw the marks and finger prints on her neck and throat.

[1] While there is a conflict in the evidence, the weight of the testimony plainly supports the allega-

tions of the bill.    The trial court so holds, and its con-
clusions upon the evidence are entitled to great respect,
and should not be disturbed unless they are contrary
to the evidence or without evidence to support them.

[2] The Virginia statute authorizes a divorce to be
granted "for cruelty" or "reasonable apprehension of
bodily hurt."    Code of Virginia, 1919, section 5104.

In *Myers* v. *Myers*, 83 Va. 806, 6 S. E. 630, it is said:
"If it appear from the whole case that the conduct of
the guilty party is such as tends to endanger the life,
limb or health of the other party, or such as to render
cohabitation unsafe or improper, then the court can
have no hesitation in granting the divorce on either
ground."

"The test is whether or not the husband has so
treated his wife as to inflict bodily injury upon her, or
cause reasonable apprehension of suffering or injury to
her physically or mentally."    Browne & Watts on
Divorce (9th ed. 1921), page 73.

[3] There is no merit in the defense that Mrs.
Watts' conduct caused the defendant to do and say
some of the improper things which he did and said.
If the husband pours out his wrath or inflicts bodily
injury upon his wife, the wrong done her is the same,
regardless of the source from which such violence
originated.

The appellee filed a petition, at the bar of this court,
praying that an order be entered by this court directing
the appellant, C. L. Miller, to pay appellee, or her
attorneys, the sum of $24.50 to cover the cost of
printing the brief which her attorneys filed in this
cause, and a fee of at least $250.00 for services rendered
by them in this court.

[4, 5] The appellee is entitled to a decree for the cost
of printing the brief and a reasonable allowance to her

attorneys for services rendered in this court.  *Barnard v. Barnard,* 132 Va. 155, 111 S. E. 227.

In view of the value of appellant's estate and the amount of his annual income, as appears from the record, a fee of $250.00 to appellee's attorneys would be excessive.  The fee will be fixed at $100.00, and a decree will be entered here in favor of appellee against appellant for that sum and also for $24.50 to cover the costs aforesaid.

We find no error in the decree complained of.

*Affirmed.*