# 𝖘𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

## M. P. ARTRIP. ET ALS, V. B. A. KELLY, ET ALS.

### September 23, 1926.

1. FRADULENT AND VOLUNTARY CONVEYANCES—*Grantee's Knowledge of the Fraud—Case at Bar.*—In the instant case, a suit to set aside deeds of real estate and personal property by a husband and wife as being in fraud of creditors, the record clearly disclosed the fact that the husband was engaged in a fradulent transaction; that he was endeavoring to, and did, convert all his assets into cash, left the State and a number of creditors whom he has never paid.  The evidence, however, failed to connect the grantee, with any degree of certainty, with this fraud, or to impute to him any knowledge of the fraudulent nature of the transaction.

    *Held:*  That the judgment of the chancellor in favor of the respondent could not be disturbed on appeal.

2. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Consideration—Notice—Case at Bar.*—In the instant case, a suit to set aside deeds of real estate and personal property as in fraud of creditors, it appeared from the evidence that the price paid by respondent was a fair one; that the consideration passed and that the respondent had no notice of any fraudulent intent on the part of his grantors or either of them.

    *Held:*  That a decree for respondent could not be disturbed on appeal.

3. FRAUD AND DECEIT—*Proof of Fraud must be Clear and Convincing—Presumption of Fraud.*—Fraud must be proved by clear and convincing testimony, and the party alleging it must clearly and distinctly prove it.  It is never to be assumed on doubtful evidence or circumstances of mere suspicion.

4. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Grantee's Notice of Grantor's Fraudulent Intention.*—Where a valuable consideration has been paid, it is not sufficient to prove fraud on the part of the grantor, but in order to set aside the grant it is necessary to prove that the grantee had notice of the fraudulent intention of the grantor.

5. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Proof of Grantee's Notice of Grantor's Fraudulent Intention.*—The grantee's notice of the fraudulent intention of the grantor may be proven either by direct and positive evidence or it may be inferred from circumstances, but in either case the proof of such notice must be so strong and clear as to fix upon the grantee the imputation of *mala fides.*

6. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Grantee's Notice of Grantor's Fraudulent Intention—Suspicious Circumstances—Appeal and Error—Weight to which Conclusions of Trial Court are Entitled—Case at Bar.*—The instant case, a suit to set aside conveyances as in fraud of creditors, was not without some suspicious circumstances, but the sufficiency of the facts to put the grantee on inquiry as to the intent of the grantor under the peculiar circumstances of the case was determined by the trial court, in favor of the grantee. The Supreme Court of Appeals thought the case was rightly determined by the trial court. Certainly it was not shown wherein the conclusions of the trial court were wrong, and its conclusions upon the evidence are entitled to great respect and should not be disturbed unless they are contrary to the evidence or without evidence to support them.

Appeal from a decree of the Circuit Court of Russell county. Decree for respondent. Complainant appeals.

*Affirmed.*

The opinion states the case.

*B. T. Wilson* and *Jos. E. Duff*, for the appellant.

*Bird & Lively*, for the appellee.

CHICHESTER, J., delivered the opinion of the court.

The complainants, M. P. Artrip and S. J. Jessee, filed their bill in the Circuit Court of Russell county on June 16, 1925, in which they charged that B. A. Kelly had, on August 16, 1922, conveyed to Odie Kelly, his wife, two tracts of land in Russell county, containing, respectively, thirty acres and six acres, and certain personal property, all with general warranty, for the alleged consideration of $1,500.00. That on August 17, 1922, Odie Kelly, together with her husband, conveyed all this land and personal property to Albert Robinson for the alleged consideration of $2,275.00. That Bertis Kelly was indebted to complainants in the

sum of $200.00 each, evidenced by notes; that Bertis Kelly owed a great many other debts; that Odie Kelly and Albert Robinson knew of the indebtedness of Bertis Kelly; that the price paid for the property did not represent the true value; that the deeds were made to defraud creditors of Bertis Kelly and that Albert Robinson had express knowledge of the fact at the time of the execution of the deed to him.

The prayer of the bill is that the deeds be set aside and the real estate and personal property subjected to the payment of complainant's debts, etc.

The respondent, Albert Robinson, filed his demurrer and answer and in the latter denied any fraud on his part or any knowledge of fraudulent intent or notice of fraudulent intent on the part of his immediate grantors, and alleged that he had paid cash and full value for the lands and personal property conveyed.

The trial court decreed in favor of the respondent and dismissed complainant's bill. From this decree an appeal was allowed to this court.

We are not concerned with what intent Bertis Kelly and his wife, Odie Kelly, executed the deed to Albert Robinson. We are only concerned with whether or not Albert Robinson was a party to the alleged fraud or had notice of their fraudulent intent as to Bertis Kelly's creditors before or at the time of the execution of the deed to him. Section 5184 of the Code of Virginia declares: "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal; every suit commenced, or decree, judgment, or execution suffered or obtained, and every bond or other writing given with intent to delay, hinder, or defraud creditors, purchasers, or other persons of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchasers or other

persons, their representatives, or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

[1] The record clearly discloses the fact that Bertis Kelly was engaged in a fraudulent transaction; that he was endeavoring to, and did, convert all his assets into cash, left the State and a number of creditors whom he has never paid. The evidence, however, fails to connect Albert Robinson, with any degree of certainty, with this fraud, or to impute to him any knowledge of the fraudulent nature of the transaction.

The evidence is voluminous, occupying over 200 pages of the record, and conflicting, and it would serve no good purpose to discuss it in detail here. After a careful perusal of it all, we concur with the conclusion of the trial court that "the case is with the respondent Albert Robinson."

[2] The fair preponderance of the evidence shows that respondent was a hard working man of saving habits; that he was totally lacking in education; that while he had married a sister of Bertis Kelly he lived five or six miles from Kelly and that they had only exchanged visits two or three times in five or six years; that Kelly had been dickering with him to sell him his land and livestock for several months; that respondent finally agreed to buy after inducing Kelly to take $2,275.00 for all the property. That respondent had the clerk examine the title to the property and found that there were two deeds of trust on the land for $600.00 and $323.00 respectively; that Kelly had told him about one deed of trust but had not told him about the other. He also discovered that there were two attachments against the land, one for $200.00 and

one for $67.15; that he paid the attachments and assumed the deeds of trust, and at the request of Odie Kelly (wife of Bertis Kelly) he paid Bertis $300.00 in cash and the balance to the wife. The foregoing facts are fairly established by the evidence, and indeed upon all the issues made in the bill and answer the case is fairly with the defendant. Upon the whole we conclude that the price paid was a fair one, that the consideration passed and that the respondent had no notice of any fraudulent intent on the part of his grantors or either of them.

[3] Fraud must be proved by clear and convincing testimony, and the party alleging it must clearly and distinctly prove it. It is never to be assumed on doubtful evidence or circumstances of mere suspicion.

*Harrisonburg Harness Co.* v. *Nat'l Furn. Co.*, 106 Va. p. 303, 55 S. E. 679; *New York Life Ins. Co.* v. *Davis*, 96 Va. 739, 32 S. E. 475, 44 L. R. A. 305.

[4] Where a valuable consideration has been paid it is not sufficient to prove fraud on the part of the grantor, but in order to set aside such grant it is necessary to prove that the grantee had notice of the fraudulent intention of the grantor.

*Fischer* v. *Lee*, 98 Va. pages 163, 164, 35 S. E. 441; *American Net, etc., Co.* v. *Mayo*, 97 Va. 187, 33 S. E. 523.

[5] Such notice may be proven either by direct and positive evidence or it may be inferred from circumstances, but in either case the proof of such notice must be so strong and clear as to fix upon the grantee the imputation of *mala fides*.

*Bridgewater Mills* v. *Strough*, 98 Va. 727, 728, 37 S. E. 290; *Arbuckle* v. *Gates, etc.*, 95 Va. 813, 30 S. E. 496; *Cranes Nest Coal Co.* v. *Va. Iron Co.*, 108 Va. 869, 62 S. E. 954, 1119; *Vicars* v. *Salyer*, 111 Va. 307, 68 S. E. 990.

[6] The case is not without some suspicious circumstances, but the sufficiency of the facts to put the grantee on inquiry as to the intent of the grantor under the peculiar circumstances of this case has been determined by the trial court, and we think rightly determined. Certainly it has not been shown wherein the conclusion of the trial court is wrong.

In the case of *Miller* v. *Miller*, 140 Va. 424, 426, 125 S. E. p. 221, it is held: "While there is a conflict in the evidence the weight of the testimony plainly supports the allegations of the bill. The trial court so holds, and its conclusions upon the evidence are entitled to great respect, and should not be disturbed unless they are contrary to the evidence or without evidence to support them."

In the case of *Baughman* v. *Hoffman*, 90 W. Va. 396, 110 S. E. at page 832, it is said: "The evidence as to the declarations of the parties after the conveyances were made is contradictory, but the evidence of the contract and the consideration moving the parties thereto is reasonably conclusive. Moreover, it is well settled by your decisions that where the evidence in a chancery cause is conflicting, doubtful and unsatisfactory, the finding of the lower court thereon will not be disturbed, even though the appellate court might have made a different finding had it decided the cause in the first instance. *Ross* v. *McConnaughy*, 85 W. Va. 199, 101 S. E. 443, 1 Michie Ency. Dig. 620, and cases cited."

In the case of *McBee* v. *Deusenberry*, 99 W. Va. 176, 128 S. E. p. 381, it is held: "On these points the evidence was conflicting. While there is doubt about the matter, we feel that the finding of the learned chancellor on these points has evidence to sustain it. We cannot say such finding is against the weight of

evidence. The rule established by the repeated decisions of this court, both as to law and equity, is that the findings of the circuit court as to facts in issue unless against the plain preponderance of the evidence, is conclusive upon the Court of Appeals. *Weaver* v. *Akin*, 48 W. Va. 456, 37 S. E. 600; *Faulkner* v. *Grantham*, 55 W. Va. 317, 47 S. E. 78.''

For the reasons given we are of opinion to affirm the decree of the trial court.

*Affirmed.*