# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## L. H. BRUCE, COMMITTEE, ETC. v. WILLIAM F. DEAN, JR., ADM'R OF RAYMOND STANTON DEAN.

### November 17, 1927.

1. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Parties—Suit Against Committee of Grantor, a Convict—Case at Bar.*—The instant case was a suit by an administrator whose decedent had been killed by the grantor, for the purpose of having declared fraudulent and void a deed of trust to an industrial school in consideration of the maintenance by the school of the grantor's children. The grantor was a life convict. Section 5184 of the Code of 1919 provides that gifts and conveyances with intent to hinder or defraud creditors, or "other persons of or from what they are or may be lawfully entitled to," etc., shall be void. It was contended that as the administrator was not a creditor of the grantor, section 5184 had no application.

   *Held:* That a deed made with intent to defraud a recovery by a third person of damages in an action of tort, even before trial and judgment, was fraudulent and void to the same extent as a conveyance to hinder, delay and defraud existing creditors.

2. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Voluntary Conveyances—Deed by Father in Consideration of an Agreement to Support Infant Children—Case at Bar.*—A conveyance by a life convict to an industrial school, in consideration of an undertaking by the school to support grantor's infant children, was not a conveyance to the children of the grantor, while he was indebted, but was, in effect, a conveyance to a third party upon the assumption by the grantee of the obligation of the grantor to support, maintain and educate his children during their minority. It was therefore founded upon valuable consideration and not voluntary.

3. CONTRACTS—*Consideration — Support and Maintenance.*—Support, whether of the promisor or a third person, is a valuable consideration.

4. PARENT AND CHILD—*Duty of Parent to Support Child.*—It is the legal as well as the moral duty of a father to support his dependent infant children.

5. PARENT AND CHILD—*Duty of Parent to Support Child—Parent Confined in Penitentiary.*—A father who is confined in the penitentiary for life is still liable for the support of his minor child.

6. Fraudulent and Voluntary Conveyances—*Conveyance by Convict in Consideration of Undertaking to Support Convict's Children—Natural Love and Affection—Case at Bar.*—Where with a moral and legal obligation resting upon him to support his minor children, which he could never perform because he was about to be deprived of his liberty for his lifetime, a father contracted with an industrial school to maintain his infant children, and in consideration of this obligation which it assumed to perform, conveyed his equity in all his real estate, the value of which was not greater than, or even equal to, the obligation assumed to the industrial school, and no benefit could enure to the father by reason of the conveyance, nor was the conveyance made in response to the sentiment of affection or favor, these facts distinguish the case from that class of cases where the moving consideration was affection or favor, or where individual benefit accrued to the grantor, while his property is put beyond the reach of his creditors.

7. Fraudulent and Voluntary Conveyances—*Conveyance by Convict to Industrial School—Consideration to Support his Children—Relationship of Debtor and Creditor—References—Gifts—Case at Bar.*—In the instant case a father, a life convict, conveyed his equity in his estate to an industrial school in consideration of the school undertaking the support of his six minor children. The effect of the conveyance was that the property itself became the property of the industrial school. The assumpton of the obligation to support the infant children created the relationship of creditor and debtor.

*Held:* That the case was not one of a gift to the children in fraud of the rights of existing creditors, that there was no intent to hinder, delay or defraud creditors, but that the debtor had a right to prefer the industrial school a creditor to the exclusion of other creditors.

8. Fraudulent and Voluntary Conveyances—*Proof—Burden of Proof.*— The proof in a suit to set aside a fraudulent conveyance must be clear, cogent and convincing and the burden rests on the party alleging the existence of fraud. Fraud cannot be presumed and should not be assumed on doubtful evidence or circumstances of mere suspicion.

9. Fraudulent and Voluntary Conveyances—*Fraud of Grantor—Necessity of Proof of Fraud of Grantee.*—In a suit to set aside a conveyance as fraudulent, it is not sufficient to prove intentional fraud on the part of the grantor, where a valuable consideration has been paid, but in order to set aside such conveyance, it is necessary to prove that the grantee had notice of the fraudulent intention of the grantor. Such notice may be proven either by direct and positive evidence or it may be inferred from circumstances, but in either case the proof of such notice must be so strong and clear as to fix upon the grantee the imputation of *mala fides.*

10. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Conveyance by Life Convict in Consideration of Support of His Children—Case at Bar.*—The instant case was a suit by an administrator whose decedent had been killed by the grantor, for the purpose of having declared fraudulent and void a deed of trust to an industrial school in consideration of the maintenance by the school of the grantor's children.

  *Held:* That the deed attacked was for a valuable consideration; that there was no intent on the part of the grantor to hinder, delay or defraud his creditors; that, even if there was an intent on the part of the grantor to defraud, the grantee had no knowledge of such intent, and that the trial court erred in setting aside the deed.

11. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Parties on Appeal—Guardian Ad Litem—Interest of Infants—Case at Bar.*—The instant case was a suit by the administrator of a decedent to have set aside as fraudulent a deed by the slayer of his decedent of the grantor's equity in his estate, upon consideration of the grantee, an industrial school, undertaking the support of grantor's infant children. The lower court set aside the deed and on appeal counsel for the administrator contended that the appeal should be dismissed because the industrial school was not a party to the appeal, because the committee for the grantor had no standing to maintain the litigation for his ward, and because the appeal could not be maintained by the guardian *ad litem* for the infant children.

  *Held:* That the infants having a substantial interest in the litigation the court would not dismiss the appeal upon the technical ground that the appeal is prosecuted by the guardian *ad litem* for the infants instead of in the name of the infants by their guardian *ad litem.* The appeal in the interest of the infants brings the whole matter in controversy before the appellate court; it was immaterial whether the industrial school prosecuted the appeal or whether the committee had any interest.


Appeal from a decree of the Circuit Court of Greene county.   Decree for complainant.   Defendant appeals.

*Reversed.*

The opinion states the case.

*Geo. S. Harnsberger* and *Geo. N. Conrad,* for the appellant.

*Chas. A. Hammer,* for the appellee.

CHICHESTER, J., delivered the opinion of the court.

This is a suit instituted on August 4, 1925, by William F. Dean, Jr., administrator of Raymond S. Dean, deceased, against L. H. Bruce, committee of L. Gruver Meadows, for the purpose of having declared voluntary, "fraudulent and void, so far as the complainant's demands are concerned," a certain deed of trust, bearing date July 18, 1925, from L. Gruver Meadows to the Church of the Brethren Industrial School.

The trust deed, which complainant seeks to have set aside conveyed all the real estate owned by Meadows (subject to certain deeds of trust, mentioned in the bill, but with which we are not concerned) to the grantee named in the deed, in trust that the "property shall be used, or its proceeds used by the party of the second part, in defraying the expenses of the maintenance, education and rearing the six children of the party of the first part," naming them, all children of the grantor, and all infants.

The facts which formed the basis of the proceeding here before the court, are, in the main, undisputed, and are embodied in the following statement:

L. Gruver Meadows was indicted in May, 1925, for the murder of Raymond Stanton Dean, and Serena Meadows, his wife. He alleged as his reason for the double homicide, that Dean was unduly intimate with his wife. On the trial for murdering his wife on June 30th, he was convicted of murder in the first degree and on July 20th, was sentenced to life imprisonment. As a result of the death of the mother and the life imprisonment of the father the six children, ranging in age from one and one-half years to twelve years, were left without either parent to care for and support

them. There were no relatives who were willing to look after these infants and an uncle carried them to the Church of the Brethren Industrial School, located in Greene county, where they have been since that time. The industrial school is a subsidiary of, and is controlled by, "The General Mission Board of the Church of the Brethren," a corporation.

A few days after the children were brought to industrial school, the principal of the school asked for compensation for their care and maintenance, and thereupon assurances were given the superintendent by counsel for Lloyd Gruver Meadows and later by Lloyd Gruver Meadows, himself, that remuneration would be made to the industrial school for its care and support of the children. In pursuance of this assurance Meadows did pay the industrial school, on account of the care and maintenance of the children, $50.00 in cash and two cows, worth about $70.00, which paid for their care and support up to the time of his trial. Then, pursuant to an understanding with the school, Meadows executed the deed of trust of July 18, 1925, wherein he conveyed to the industrial school all of the remaining equity in his estate, real and personal, after the payment of the prior liens thereon, upon the trust heretofore recited, for the maintenance of his children, "at this time in the institution of the said party of the second part in the county of Greene and under its care, custody and control."

In consideration of these provisions of the deed of trust, the industrial school agreed that it would rear the children and give them an education until they were able to take care of themselves.

The bill filed in the cause by the administrator of Raymond Stanton Dean, charges that Meadows, wilfully, deliberately and premeditatedly shot Raymond

Stanton Dean, and that the administrator instituted action against Meadows in the Circuit Court of Greene county, on June 30, 1925, for $10,000.00 for the death of complainant's intestate.

The bill then sets out in detail the landed estate of Meadows, the liens thereon, charges (as stated) that the deed of trust to the industrial school is voluntary, fraudulent and void, and prays that it be set aside, and that Meadows' equity be held subject to any future decree of the court, etc.

All necessary persons were made parties defendant and the trial court heard the cause upon the demurrers, bill and exhibits, the answers of the defendants and the depositions.   The court by decree of September 20, 1926 (which appears in the margin*), set the deed aside.

---

* This cause, which was submitted to this court at its November term, 1925, for consideration and decision in vacation, came on to be heard this 20th day of September, 1926, upon the bill filed, process executed upon all of the defendants, the cause set for hearing, the demurrer and answer of the Church of the Brethren Industrial School, the demurrer and answer of John S. Chapman, guardian *ad litem* for the infant defendants, Cecil Meadows, Erma Meadows, Lester Meadows, Thelma Meadows, Beatrice Meadows, and Gruver Meadows, children of L. Gruver Meadows, the joint and several demurrers and answers of George N. Conrad, John S. Chapman, and George S. Harnesberger, demurrer and answer of L. H. Bruce, committee of L. Gruver Meadows, convict, with joinder by the complainant in each of said demurrers, and with general replication by the complainant to each of the said answers, and depositions of witnesses, the exhibits filed, and was argued by counsel.

(1) Upon consideration whereof the court being of opinion that the said several demurrers, and each of them, are not well taken and cannot be sustained and should be over-ruled, doth accordingly so adjudge, order and decree, and the court upon mature consideration of the record in this case being of opinion that the deed of date July 18, 1925, executed by L. Gruver Meadows to Church of the Brethren Industrial School, of Greene county and acknowledged by said Meadows before W. Gilmer Dunn, a notary public, and which is of record in the clerk's office of Greene county in Deed Book No. 20 at page 338, is voluntary and void in so far as the claim of the complainant is concerned, and was made by said Meadows with intent to hinder, delay and defraud the complainant doth accordingly so adjudge, order and decree and it is ordered that said deed be annulled, cancelled, and set aside, and it still further appearing to the court that upon the institution of this suit on July 25, 1925, the complainant, in accordance

This decree is before us for review upon two main
assignments of error.

1. The circuit court erred in not sustaining the first
ground of demurrer filed to the bill of complaint.

2. The circuit court erred in not holding the deed of
trust of July 18, 1925, from L. Gruver Meadows to the
industrial school, trustee, as valid and for valuable
consideration.

[1] (1) The only ground of demurrer relied on is
rested upon the proposition that William F. Dean, Jr.,
adminstrator, was not at the time of the institution of
this suit to set aside the deed of trust of July 18, 1925,
a creditor of L. G. Meadows, and that, therefore, sec-
tion 5184, under which this suit was instituted (even
if it was Meadows' intention, when he executed the
deed, to hinder, delay and defraud Dean's administra-
tor in the collection of his claim for damages), had no
application to the situation.

Counsel for appellant went to much pains to quote

with the statute in such case made and provided, filed his *lis pendens* in the
clerk's office of the Circuit Court of Greene county on the 25th day of July,
1925, and Rockingham county on the 27th day of July, 1925, against all of
the property mentioned and described in the deed dated July 18, 1925,
from the said L. Gruver Meadows to the Church of the Brethren Industrial
School. (2) It is therefore ordered and decreed that the complainant
has a lien as of July 25, 1925, for any recovery had in the action at law
entitled *Raymond Stanton Dean's Administrator* vs. *L. Gruver Meadows*,
which was pending in the Circuit Court of Greene county at the time of the
institution of this suit and the costs of such proceedings, upon all of the
property mentioned and described in the said deed to the said Church of
the Brethren Industrial School, subject to the prior liens resting thereon
and created by deeds of trust of prior date and it being represented to the
court that there is a suit pending in the Circuit Court of Rockingham county
entitled *Lloyd Gruver Meadows' Creditors* vs. *Lloyd Gruver Meadows' Com-
mittee, etc.*, in which the liabilities of the estate of L. Gruver Meadows are
being audited, it is ordered that the clerk of this court do forthwith certify
a copy of this decree to the Circuit Court of Rockingham county to the end
that the lien may be reported in the said cause, and that the property
mentioned and described in the said deed may be reported as assets be-
longing to the estate of L. Gruver Meadows.

It is further ordered that the complainant do recover of the defendants
L. H. Bruce, committee, for L. Gruver Meadows, his costs in this behalf
expended, with leave to sue out execution therefor, if so advised.

authority as to what constituted a creditor, but the authorities quoted, whatever may be their value in other jurisdictions or to situations other than those involved in the instant case, have no application to the facts of this case, in this jurisdiction.

Section 5184 of the Code of 1919, provides: "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate * * * * given with intent to delay, hinder, or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchasers, or other persons, * * * * be void." The language "other persons of or from what they *are* or *may be* lawfully entitled to," etc., used in the statute is broad enough to cover claims for damages growing out of a tort even if the word creditors did not include such persons. But this court, on more than one occasion, has held a deed made with intent to defraud a recovery by a third person of damages in an action of tort, even before trial and judgment, as was the case here, is fraudulent and void to the same extent as a conveyance to hinder, delay and defraud existing creditors. *Johnson* v. *Wagner & Sons,* 76 Va. at page 590; *Greer* v. *Wright,* 6 Gratt. (47 Va.) 154, 52 Am. Dec. 111; *Harris* v. *Harris,* 23 Gratt. (64 Va.) at page 764; *Consolidated Tramway Co.* v. *Germania Bank,* 121 Va. 331 at page 335, 93 S. E. 572.

It is clear, in view of the foregoing, that there was no error in overruling the demurrer.

[2] (2) The second assignment of error involves the question as to whether the deed of July 18, 1925, was void because it was voluntary or because it was executed with the intention to hinder, delay or defraud creditors.

It is very clear that the conveyance in this case is

not voluntary within the meaning of the law. It was not a conveyance to the children of the grantor, while he was indebted, but it was, in effect, a conveyance to a third party upon the assumption by the grantee of the obligation to support, maintain and educate the children during their minority. It was, therefore, founded upon valuable consideration.

[3, 4] Support, whether of the promisor or a third person is a valuable consideration. See 6 R. C. L., page 656, section 68. Page on Contracts, Vol. 1, section 297; *Pellizzarro* v. *Reppert*, 83 Iowa 497, 50 N. W. 19; *Taylor* v. *Crockett*, 123 Mo. 300, 27 S. W. 620; *Campbell* v. *McLaughlin* (Mo. Sup), 205 S. W. 18; *Brown* v. *Taylor*, 174 N. Car. 423, 93 S. E. 983, L. R. A. 1918B, 293. It is the legal as well as the moral duty of a father to support his dependent infant children. In *Mihalcoe* v. *Holub*, 130 Va. at page 430, 107 S. E. 706, this court said: "The rules are much the same regarding support of infant children by their father. He owed them the duty of maintenance. This, by the weight of American authorities, founded upon common sense and natural justice, is a legal, and not merely a moral, obligation."

[5] Judge Kelly, in this case, cites with approval the case of *Finn* v. *Adams*, 138 Mich. 258, 101 N. W. 533, 4 Ann. Cases, 1186, which holds that a father who is confined in the penitentiary for life is still liable for the support of his minor child.

See also Virginia Code, sections 1909, 1935, 1944.

[6] With this obligation resting upon him, Meadows contracted with the industrial school for the maintenance, support and education of his infant children, children who were forever deprived, by the peculiar circumstances of his case, of the fruits of any labor he may perform, for all time. There was no benefit that

could enure to the father by reason of the conveyance nor was the conveyance made in response to the sentiment of affection or favor, and these facts distinguish this case from that class of cases relied on by appellee where the moving consideration is affection or favor, or where some individual benefit accrues to the grantor while his property is put beyond the reach of his creditors.   We have no disposition to run counter to the principles enunciated in those cases, but the instant case presents a situation where, with a moral and legal obligation resting upon him, which he could never perform because he was about to be deprived of his liberty for his lifetime, the father contracted with the industrial school to maintain his infant children, and in consideration of the obligation which it assumed to perform, he conveyed his equity in all his real estate, the value of which was not greater than, or even equal to, the obligation assumed, to the industrial school, for this purpose.

The case of *Worthy* v. *Brady and others,* 91 N. C. 265, is strikingly similar to the case here being considered, except that the facts of this case are stronger from the standpoint of the grantor.   In that case, James Brady had two sons, named Robert W. Brady and Turner Street Brady, respectively, who were partially deaf and dumb, and on that account were not capable of taking care of, or supporting themselves.   James Brady had another son, Charles Brady, who appears to have been a man of worth and substance, to whom he conveyed all of his property while he was indebted to others, on which debts, judgments were subsequently taken.   The recital of the consideration of the conveyance is as follows:   "That the said James Brady of the first part, hath two sons, Robert W. Brady and Turner Street Brady, who are partially deaf and dumb.   Now if the

said Charles Brady shall protect and support the said Robert W. and Turner Street, his brothers, as he agrees to do, in the same manner as they are now cared for during their natural life, for that consideration of the said Robert W. and Turner Street Brady being taken care of and supported, and the further consideration of one dollar, etc., I hereby convey," etc.

That conveyance was sought to be impeached, as in this case, as a voluntary conveyance or gift, because the grantor did not at the time of making it retain sufficient property to pay his other debts, but the court held at page 268: "The deed set up by the defendants is not in form or fact voluntary or a gift within the meaning and purpose of the enabling act.

"It is founded upon a valuable consideration in the undertaking assumed by the grantee to protect and support during their respective lives his two partially deaf and dumb brothers, in the manner in which they were then provided for. This contract as truly constitutes a valuable consideration passing between the parties, as would be the payment of money or the giving a note or bond for its payment."

Again, on the same page, the court says: "If the deed be not voluntary, but is supported by a valuable contract, though its execution is to be found in providing for unfortunate or helpless children whose support devolves upon the grantor, its invalidity must be sought in the vitiating intent to withdraw the property from creditors and appropriate it to his *own use* (italics supplied), and this intent ought to be shared in by the grantee."

[7] So likewise the instant case is not one of a gift to children in fraud of the rights of existing creditors. It is a conveyance to the industrial school which assumed by contract the legal obligation of maintaining

and supporting six minor children, and in consideration of the assumption of this obligation, the effect of the conveyance was that the property itself became the property of the industrial school. The assumption of the obligation to support the infant children created the relationship of creditor and debtor, and the debtor had a right to prefer this creditor to the exclusion of other creditors.

Under such circumstances there was no intent to hinder, delay or defraud creditors, and proof of intent to do one of these things is necessary before a deed can be set aside upon the grounds alleged in these proceedings.

[8] The proof in a suit to set aside a fraudulent conveyance must be clear, cogent and convincing and the burden rests on the party alleging the existence of fraud. *Hutcheson* v. *Savings Bank of Richmond*, 129 Va. 281, 105 S. E. 677. The burden of proving a conveyance was fraudulent as to creditors rests on the party seeking to set it aside. *Hickman's Executor* v. *Trout*, 83 Va. 478, 3 S. E. 131. A creditor who assails a conveyance of his debtor for fraud must show it. It cannot be presumed. *Fisher* v. *Dickenson*, 84 Va. 318, 4 S. E. 737. The burden of proof is on him who alleges fraud, and, if the fraud is not strictly and clearly proved as alleged, relief cannot be granted, altho the party against whom relief is sought may not have been perfectly clear in his dealings. *Millhiser* v. *McKinley*, 98 Va. 207, 35 S. E. 446. Fraud is never presumed and fraud in a conveyance should not be assumed on doubtful evidence or circumstances of mere suspicion. *Shoemaker* v. *Chapman Drug Co.*, 112 Va. 612, 72 S. E. 121. In the recent case of *Artrip* v. *Kelly, etc.*, 145 Va. 422, 134 S. E. 690, this court said: "Fraud must be proved by clear and convincing testi-

mony and the party alleging it must clearly and distinctly prove it. It is never to be assumed on doubtful evidence or circumstances of mere suspicion." *Harrisonburg Harness Co.* v. *Nat'l Furn. Co.*, 106 Va. page 303, 55 S. E. 679; *New York Life Ins. Co.* v. *Davis*, 96 Va. 739, 32 S. E. 475, 44 L. R. A. 305; *Lipman* v. *Norman Packing Co.*, 146 Va. 461, 131 S. E. 797.

[9] But if there was an intentional fraud on the part of the grantor where a valuable consideration has been paid, it is not sufficient to prove fraud on the part of the grantor, but in order to set aside such grant, it is necessary to prove that the grantee had notice of the fraudulent intention of the grantor. *Fischer* v. *Lee*, 98 Va. see pages 163, 164, 35 S. E. 442; *American Net*, *etc.*, *Co.* v. *Mayo*, 97 Va. 187, 33 S. E. 523. Such notice may be proven either by direct and positive evidence or it may be inferred from circumstances, but in either case the proof of such notice must be so strong and clear as to fix upon the grantee the imputation of *mala fides. Bridgewater Mills* v. *Strough*, 98 Va. 727, 728, 37 S. E. 290; *Arbuckle* v. *Gates, etc.*, 95 Va. 813, 30 S. E. 496; *Cranes Nest Coal Co.* v. *Va. Iron Co.*, 108 Va. 869, 62 S. E. 954, 1119; *Vicars* v. *Sayler*, 111 Va. 307, 68 S. E. 990; *Artrip* v. *Kelly, supra.*

[10] We conclude, therefore, that the deed here attacked was for a valuable consideration; that there was no intent on the part of the grantor to hinder, delay or defraud his creditors; that even if there was an intent on the part of the grantor to defraud, the grantee had no knowledge of such intent, and that the trial court erred in setting aside the deed.

[11] Counsel for appellee contended in the oral argument that this appeal should be dismissed because: (1) The industrial school (the grantee who under the

deed, if valid, would take as trustee the property passing thereby), is not a party to this appeal, it being stated in the petition for appeal that "the industrial school, for reasons sufficient to itself, but which do not appear of record" does not unite in this appeal.

(2) That Bruce, the committee, who stands in the place of the grantor, Meadows, has no standing to maintain this litigation, for his ward, who, at a time when he was legally competent to convey and prior to the appointment of any committee, had divested himself, so far as he was concerned, of all property rights in the property passing by the deed.

(3) The appeal cannot be maintained by John B. Chapman, guardian *ad litem* for Cecil Meadows, Emma Meadows, Lester Meadows, Thelma Meadows, Beatrice Meadows and Gruver Meadows, because he is not a party to the litigation and has no interest therein.

It is sufficient to say in response to the 3rd contention that the infants have a substantial interest in this litigation and this court will not dismiss the appeal upon the technical ground that the appeal is prosecuted by the guardian *ad litem* for the infants instead of in the name of the infants by their guardian *ad litem,* which is the gist of the 3rd contention, *supra.* The appeal in the interest of the infants brings the whole matter in controversy before us, and it is immaterial, under these circumstances, whether the industrial school prosecutes the appeal or whether the committee has any interest. The decree should be reversed.

*Reversed.*