Scott

*v.*

Dameron's Adm'r *et al.*

(*Supreme Court of Appeals of Virginia, Dec. 1, 1898.*)

[32 S. E. Rep. 415.]

Pleadings—Cured by Decree.

Infirmities and insufficiencies of a bill are cured and supplied by decrees entered by consent.

Appeal from circuit court, Amherst county.

Suit between Robert G. Scott and Dameron's administrator and others. From the decree, Scott appeals. Affirmed.

*John H. Lewis*, for appellant.

*J. Thompson Brown*, for appellees.

Keith, P., delivered the opinion of the court.

Taylor Berry, as administrator of George Dameron, deceased, filed a bill in chancery in the circuit court of Amherst county, against Robert A. Coghill, trustee in a deed from Dameron, to secure his creditors, Robert G. Scott and others, in which he alleges that, as administrator of George Dameron, he had sold the personal estate, and paid the proceeds over to creditors ; that his testator, being much involved in official and fiduciary relations in 1871, made a deed conveying to R. A. Coghill his real estate, to secure his principal, and to indemnify his sureties as deputy treasurer of Amherst county, and that, at the

time of the execution of the deed unsatisfied, docketed judgments existed against him ; that, since the death of Dameron, Coghill, the trustee, had sold his real estate, the proceeds of which were insufficient to pay the debts secured, and for which Taylor Berry had obtained, in the lifetime of Dameron, a judgment against Robert G. Scott and others, who were his sureties as deputy treasurer ; that, as administrator as aforesaid, he had recovered a judgment against Scott for $2,528, with interest, and then asked the advice of the court in administering that and any other fund that might come into his hands. The court directed the settlement of the administration account of Taylor Berry, an account of the transactions of Coghill as trustee, of the liens binding the realty of George H. Dameron, and of the debts due by him as fiduciary. To this decree C. L. Scott, commissioner, responded, by an account which need not for the present be further noticed.

In May, 1894, a decree was entered by consent of parties, referring the cause to Commissioner Sackett, who was directed by consent to report what sums of money had been paid to Taylor Berry, by whom, when, and on what account,—whether on the personal judgment of Berry against Dameron and Scott, or the judgment in favor of Berry, administrator, against Dameron and Scott, or on account of the sales of the real estate of Dameron under the deed of trust to Coghill. The commissioner was further directed to report the amount due Mrs. Frances A. Dameron, and by whom the same is to be paid, and the amounts due to E. W. Scott, as trustee for Fannie J. Scott, E. M. Tinsley, and C. J. Tinsley. The commissioner promptly filed his report, which is responsive to all of these inquiries.

In September, 1893, Robert G. Scott filed a bill in the circuit court of Amherst against Taylor Berry, as administrator of George Dameron, deceased, C. J. Tinsley, and E. W. Scott, trustee, in which he recites the judgment obtained by Dameron's administrator against himself and others for $2,528 ;

that by reason of the death of the plaintiff's wife, in the winter of 1883–84, and the confusion afterwards, many valuable papers had been misplaced; and that, as a consequence, two receipts, of $500 each, dated, respectively, in January and May, 1873, had not been allowed upon the trial of the common-law suit; and that Scott had since made large payments, which he sets out in detail. He prays that all proper credits may be indorsed upon the judgment, and that it may be marked "Satisfied."

Dameron's administrator, Tinsley, and E. W. Scott, answered this bill, denying plaintiff's right to the credits for two receipts, of $500 each, and also the credit claimed in the bill of $180.03, the amount of an order given by C. J. Tinsley to the complainant on George H. Dameron in June, 1869, and the item of $564.37 on account of an assignment made by C. J. Tinsley in favor of R. G. Scott.

Upon the issues made in this second bill, proofs were filed, and the whole record, as it now appears, except certain depositions, was before Commissioner Sackett when he made his careful report of July 31, 1894. The depositions referred to were taken before the case was heard in the circuit court, and were read and considered by it, as is shown by its decree.

By a decree entered at the October term, 1890, it is admitted that the judgment of Dameron's administrator against Robert G. Scott and others, for $2,658.44, of which $1,784.12 is principal, is an asset belonging to the estate of Edward Tinsley, deceased. By a decree rendered at the October term, 1889, it is admitted that the amounts due the trustee of Fannie J. Scott, E. M. Tinsley, and C. J. Tinsley are correctly stated in the report of Commissioner Scott, upon which the case was heard when that decree was rendered. By the report of Commissioner Sackett, the amount by which it appears that Robert G. Scott had overpaid what was due by him as the purchaser of a portion of the lands of Dameron from Coghill, trustee, was applied to the judgment against him obtained by Taylor

Berry in his own right. This was as it should be, for Taylor Berry having collected, as commissioner of sale, more than was due him, and being at the same time the creditor of Scott, by whom the overpayment had been made, the difference could be settled by transferring, as a credit to Berry's personal account, the money improperly received by him as such commissioner.

When the court came to make its decree, it confirmed the report of Commissioner Scott, and ascertained the amounts due Fannie J. Scott, Edward Tinsley, and C. J. Tinsley, as set out in the report of Commissioner Sackett, which, as we have seen, is based upon an agreed decree entered at the October term, 1889, except that Scott is allowed a credit by the decree as against C. J. Tinsley of $399.55, growing out of the assignment above mentioned. The claim for a credit of $180.03 was, for reasons stated in the decree, properly disallowed. It appears, we think, satisfactorily from the consent decrees from time to time entered, and from the evidence in the cause, that Scott has received every credit to which he was ever entitled, except such as he has lost by laches and neglect, as to which he can have no relief. The report was prepared by a careful, experienced, and intelligent commissioner, whose findings were approved by the circuit court, and which, without going into a further discussion of the evidence, seem to us to have been warranted by the proofs.

Counsel for appellant urged with much force and ingenuity upon the court the insufficiency of the original bill filed in the case by Dameron's administrator. It is without doubt a meager and inartificial pleading ; but whatever its infirmities, and however obnoxious to criticism, its vices have been cured, and its insufficiencies supplied, by decrees entered with appellant's consent.

Upon the whole case we are of opinion that the decree of the circuit court should be affirmed.

RIELY, J., absent.