# Richmond.

## Harrisonburg Harness Company v. National Furniture Company and Another.

### December 6, 1906.

1. Fraud—*Evidence Required.*—Fraud is not to be assumed on doubtful evidence or circumstances of mere suspicion. The party alleging the fraud must clearly and distinctly prove it. If the fraud is not clearly proved as alleged no relief can be had, although the party against whom relief is sought may not be perfectly clear in his dealings.

Appeal from a decree in chancery of the Corporation Court of the city of Roanoke. Decree for the defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Price & Kyle* and *T. W. Miller,* for the appellant.

*Hoge & Penn,* for the appellees.

Harrison, J., delivered the opinion of the Court.

This bill of injunction was filed in the Corporation Court of the city of Roanoke by the appellant, alleging that it was a creditor of the Firey Furniture Company, which had, with intent to hinder, delay and defraud the appellant, sold and delivered in bulk, without schedule or inventory, all of its stock of merchandise to the National Furniture Company, Incorpo-

rated. The prayer of the bill was that an injunction be granted prohibiting the appellee from selling or disposing of such merchandise, and that a receiver be appointed to take charge of and hold the same, subject to the future order of the court. In accordance with the prayer of the bill a temporary injunction was awarded. Separate answers were filed by the Firey Furniture Company and the National Furniture Company, Incorporated, each denying in the most emphatic manner every allegation or insinuation of fraud contained in the bill. Evidence was taken, and upon the final hearing the court held that the plaintiff had not sustained the allegations of its bill. Thereupon the decree complained of was entered, dissolving the injunction theretofore awarded, and dismissing the bill.

This court has repeatedly laid down the principles that govern this class of cases. It is only necessary to advert here to the well established rule that "fraud is not to be assumed on doubtful evidence or circumstances of mere suspicion. The party alleging the fraud must clearly and distinctly prove it. If the fraud is not clearly proven as it is alleged, although the party against whom relief is sought may not have been perfectly clear in his dealings, no relief can be had." *Hord's Admr.* v. *Colbert,* 28 Gratt. 49; *Gregory* v. *Peoples,* 80 Va. 358, 359; *Engleby* v. *Harvey,* 93 Va. 445, 25 S. E. 225; *Alsop* v. *Catlett,* 97 Va. 364, 34 S. E. 48; *Univ. Va.* v. *Snyder,* 100 Va. 578-9, 42 S. E. 337.

We are of opinion that the appellant has failed to sustain the allegations of its bill with sufficient clearness to entitle it to prevail in this case.

The decree of the Corporation Court must be affirmed.

*Affirmed.*