## Staunton.

## SHOEMAKER V. CHAPMAN DRUG COMPANY AND OTHERS.

### September 14, 1911.

1. FRAUD—*Badges—Relationship — Insolvency —Presumption—Burden of Proof—Prima Facie Case.*—The relationship of the parties and the insolvency of the grantor in a deed do not of themselves constitute badges of fraud and relieve the creditors of the grantor from the burden of proving the charges of fraud set forth in their pleadings. Fraud is never presumed, but must be clearly and distinctly proved. Yet, when a *prima facie* case of fraud has been shown, the burden shifts, and the defendant must establish the *bona fides* of the transaction. Moreover, in a suit by creditors to set aside a deed as voluntary and fraudulent, the recitals in the deed, that the consideration has been paid, are not sufficient to establish that fact, and the burden of proving such payment rests upon the grantee.

2. FRAUDULENT CONVEYANCES—*Notice to Grantee.*—Although the fraudulent purpose of the grantor be established, a deed will not be set aside as fraudulent when there is no evidence to fix notice of such purpose upon the grantee.

3. DEEDS—*Recital of Payment of Consideration—Fraud.*—The recital of a deed that the purchase money was paid in hand, when it was not in fact paid at the date of the deed, does not create any unfavorable impression where it appears that the deed was not delivered on the day of its date. Indeed, such a recital is common in deeds prepared in the country.

4. DEEDS—*Date of Delivery—Presumption.*—A deed is supposed to take effect from delivery and though, as a general rule, it is presumed to have been delivered at its date or acknowledgment, it is always competent to show the actual time of delivery.

Appeal from a decree of the Circuit Court of Russell county. Suit for partition was brought by James H. Shoemaker against John Shoemaker and others. In this suit Bona Shoemaker filed his petition claiming the share of his

father Isaac Shoemaker. The Chapman Drug Company and others filed petitions claiming that the conveyance from Isaac to his son was fraudulent and void, and asking to have it set aside. From a decree in their favor Bona Shoemaker appeals.

*Reversed.*

The opinion states the case.

*Routh & Routh* and *Finney & Wilson,* for the appellant.

*S. B. Quillen* and *Burns & Kelly,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is an appeal from a decree setting aside a deed from Isaac Shoemaker to his son, Bona H. Shoemaker, as voluntary and fraudulent. The deed is dated December 14, 1908, and for the consideration of "$1,000.00 in hand paid" the grantor conveyed to the grantee his one-sixth undivided share in lands inherited from his brother, James Shoemaker, deceased.

At the date of the deed a suit was pending in the Circuit Court of Russell county to sell these lands for partition among the heirs, and they were subsequently sold for that purpose. The appellant filed his petition in the suit, asserting title to one-sixth of the purchase money under his deed. The appellees (creditors of Isaac Shoemaker, whose debts were contracted prior to December 14, 1908, but whose judgments were subsequently recovered) likewise intervened by petitions in the principal suit, and attacked the deed as voluntary and made with intent to hinder, delay and defraud petitioners in the collection of their debts, and, also, that the grantee participated in the fraud. These allegations were denied, and upon the issues thus raised by the pleadings and evidence, the circuit court annulled the

deed and directed an account of liens upon the share of Isaac Shoemaker in the land fund.

The circuit court held that the proof showed confidential relations between the grantor and grantee, which cast upon the latter the burden of proving the *bona fides* of the transaction.

Conceding the relationship of the parties and the insolvency of the grantor, these conditions do not of themselves constitute badges of fraud and relieve the creditors from the burden of proving the charges of fraud set forth in their pleadings.

In *Johnson* v. *Lucas,* 103 Va. 36, 48 S. E. 497, it was held that relationship was not a badge of fraud, and that there was no rule of law which forbade persons standing in near relations of consanguinity or affinity from dealing with each other. But it was said, as fraud is generally accompanied by secret trust, that transactions between near relatives and persons occupying confidential relations toward each other, where fraud is charged, should be more closely scrutinized. *Burwell* v. *Burwell,* 103 Va. 314, 49 S. E. 68.

So of insolvency, that condition does not deprive the owner of the right to sell his property, unless the sale is made with intent to hinder, delay and defraud creditors. *Ferguson* v. *Daugherty,* 94 Va. 308, 26 S. E. 822. Fraud, it is true, may be proved either by direct or circumstantial evidence, but "It is not to be assumed on doubtful evidence or circumstances of mere suspicion. It must be clearly and distinctly proved. The law never presumes fraud, but the presumption is always in favor of innocence and honesty." *New York Life Ins. Co.* v. *Davis,* 96 Va. 737, 739, 32 S. E. 415, 44 L. R. A. 305.

In *Redwood* v. *Rogers,* 105 Va. 155, 53 S. E. 6, it is said: "The charge of fraud is one easily made, and the burden of proving it rests on the party alleging its existence. It may be proved not only by positive and direct evidence, but by

showing facts and circumstances sufficient to support the conclusion of fraud. But however shown, the proof must be clear and convincing and such as to satisfy the conscience of the chancellor, who should be cautious not to lend too ready an ear to the charge." See also *Wheby* v. *Moir*, 102 Va. 875, 47 S. E. 1005; *Harrisonburg Co.* v. *Nat. Furn. Co.*, 106 Va. 302, 55 S. E. 679.

Yet, when a *prima facie* case of fraud has been shown, the settled rule is that the burden shifts, and the defendants must establish the *bona fides* of the transaction. *Hickman* v. *Trent*, 83 Va. 478, 3 S. E. 131; *Engleby* v. *Harvey*, 93 Va. 445, 25 S. E. 225; *American N. & T. Co.* v. *Mayo*, 97 Va. 182, 33 S. E. 523.

Moreover, in a suit by creditors to set aside a deed as voluntary and fraudulent, the recitals in the deed, that the consideration has been paid, are not sufficient to establish that fact, and the burden of proving such payment rests upon the grantee. *Knight* v. *Capito*, 23 W. Va. 639; *Rogers* v. *Verlander*, 30 W. Va. 619, 5 S. E. 847.

If it be admitted that the circumstances are sufficient to show an intent on the part of Isaac Shoemaker, by the sale to his son, to hinder, delay and defraud his creditors, nevertheless, there is no evidence to fix notice of such intention upon the son.

The facts of this case may be summarized as follows: At the time of the transaction Bona H. Shoemaker was living separate and apart from his father, and is not shown to have had personal knowledge of the demands against him. He was twenty-nine years of age and unmarried; and he was a lumber inspector, and had been engaged in that occupation for six years, earning from $60.00 to $65.00 per month, and with no expense except for his clothes. He paid the entire purchase price for his father's share, $300.00 on February 16, 1909, and the residue March 3d following, and put his deed to record March 19, 1909; and it is not pretended that $1,000 was not a fair price for the property.

In the decree under review, importance is attached to the recital in the deed that the purchase money was paid in hand, while in fact no money passed at that date. This is a common expression in deeds prepared in the country, and the unfavorable inference, which might otherwise be drawn from that circumstance, loses its significance in light of the evidence, which shows that the deed was not delivered on the day of its execution. A deed is supposed to take effect from delivery, and though, as a general rule, it is presumed to have been delivered at its date or acknowledgment, it is always competent to show the actual time of delivery. 1 Devlin on Deeds, sec. 178. It is a fair inference from the evidence that the deed was not delivered until after payment of the purchase money.

Considering the evidence in the light of the well settled principles of law applicable thereto, we are of opinion that the appellees have failed to sustain the charge of fraud with sufficient clearness and certainty to entitle them to a decree setting aside the deed.

For these reasons the decree appealed from must be reversed and the petitions of the appellees dismissed.

*Reversed.*