# Wytheville.

INEZ SANDERSON AND OTHERS v. F. B. BELL.

June 12, 1930.

Absent, Prentis, C. J., and Epes, J.

The opinion states the case.

*Mears & Mears*, for the appellants.

*James E. Heath* and *Thomas H. Nottingham*, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

The object of this suit, which was instituted by F. B. Bell, was to set aside a deed from Inez E. Sanderson

and her husband to William T. Garrett, her father, conveying her one-fifth undivided remainder interest in and to a tract of land containing two hundred acres, more or less, upon the ground that the conveyance was executed for the purpose of hindering, delaying and defrauding the appellee in the collection of the sum of $2,586.25 due him by Mrs. Sanderson, evidenced by a negotiable note.

The material allegations of the bill are:. That on the 28th day of August, 1913, William T. Garrett conveyed a one-fifth remainder interest in the tract of land involved in this litigation to his daughter, Inez Sanderson; that at the time the indebtedness was created and up to and until the 29th day of August, 1924, she was the owner of the said property; that, on the last mentioned date, Inez Sanderson, her husband, Robert L. Sanderson, and her father, William T. Garrett, fraudulently agreed among themselves that Inez Sanderson should evade the payment of the debt due appellee; that, pursuant to this fraudulent agreement, the property was conveyed to William T. Garrett for the alleged consideration of $6,000.00; that Inez Sanderson had no other property, and that William T. Garrett accepted the deed with full knowledge of its fraudulent purposes.

Appellants filed their answer to the bill, denying specifically the allegations of fraud, and set up the defense that the consideration of $6,000.00 mentioned in the deed to Garrett was for moneys loaned by, rent due to, and advancements made by the father to the daughter; that this indebtedness was evidenced by six negotiable notes payable at the Farmers' Bank, Incorporated, of Bird's Nest, Virginia, and dated as follows: August 1, 1916, $810.00; December 27, 1917, $728.00; January 1, 1918, $750.00; December 28, 1918, $942.07; May 1,

1922, $400.00; August 28, 1924, $1,050.00. These notes, none of which had been returned for taxation, with their accumulated interest, totaled at the date of the conveyance to Garrett the sum of $6,024.37.

The principles of law relating to the questions involved have been repeatedly laid down by this court.

In *Baldwin* v. *Winfree*, 116 Va. 20, 81 S. E. 36, 37, Judge Whittle quotes with approval the holding in *Fisher* v. *Lee*, 98 Va. 165, 35 S. E. 441. There it is said:

"Insolvency does not deprive the owner of the right to dispose of his property, unless the sale or transfer is made with the intent to delay, hinder, or defraud his creditors; and the law does not then invalidate the title of the purchaser or transferee if the sale or transfer is for valuable consideration, and the purchaser or transferee has no notice of the fraudulent intent of the grantor."

In *Shoemaker* v. *Chapman Drug Co.*, 112 Va. 612, 72 S. E. 121, it is said (Syllabus):

"The relationship of the parties and the insolvency of the grantor in a deed do not of themselves constitute badges of fraud and relieve the creditors of the grantor from the burden of proving the charges of fraud set forth in their pleadings. Fraud is never presumed, but must be clearly and distinctly proved. Yet, when a *prima facie* case of fraud has been shown, the burden shifts, and the defendant must establish the *bona fides* of the transaction."

In its last pronouncement upon the subject in *Haynes* v. *Bunting*, 152 Va. 395, 147 S. E. 211, 212, this court approves the following statement of the law by Judge Burks in *Crowder* v. *Crowder*, 125 Va. 80, 99 S. E. 746.

"While fraud must be clearly proved by him who alleges it, it is not necessary that it should be expressly shown. It is rare that it can be. The participants

are not apt to discuss it, but actions speak louder than words, and the transaction itself often furnishes proof of the fraud that is entirely satisfactory. *Hazlewood* v. *Forrer*, 94 Va. 703, 27 S. E. 507; *Todd* v. *Sykes*, 97 Va. 143, 33 S. E. 517.

"A transaction may, of itself, and by itself, furnish the most satisfactory proof of fraud, so conclusive as to outweigh the answer of the defendants, and even the evidence of witnesses." See also *Parr* v. *Saunders*, 1 Va. Dec. 731, 11 S. E. 979.

While the rule of law involved in a suit to set aside a conveyance as fraudulent is well settled, the decision in the particular case depends in a large measure upon the facts adduced. The debt of appellee is undisputed. A detailed discussion of the evidence would serve no good purpose; therefore we shall only advert to some of the most salient features thereof. Appellee offered evidence which tended to prove the insolvency of Mrs. Sanderson and the inability of W. T. Garrett to advance so large a sum as the stated consideration in the deed. Appellee further proved by handwriting experts that the six notes executed by Mrs. Sanderson were of recent authorship, this fact being shown by the apparent freshness of the ink used. Appellants, to sustain the issue upon their part, introduced a book of accounts which purported to contain the transaction between the parties. A personal examination of this book discloses that the items entered therein are all written in the same colored ink (with the exception of "August 1, 1916"), have a fresh appearance, and the entry of the account of $942.07, which is represented by the note dated December 28, 1918, is entered prior to the account for rent due January 1, 1918, for the sum of $750.00, denoted by the note of that date.

Mrs. Sanderson and Mr. Garrett were introduced as

witnesses. They both deposed that the notes exhibited were either executed contemporaneously or about the time of the various settlements had between them. These notes have also been personally examined by us and the almost inevitable conclusion is that they are of comparatively recent origin. While a court of equity is ever prone to view with leniency the slight contradictions appearing in the testimony of witnesses, realizing no doubt the fallibility of human recollection, yet, when it is made to appear that the contradictions are deliberately made for the purpose of self-aggrandizement, the court will place its stamp of disapproval upon the parties.

In rebuttal of the evidence of the appellants that the notes (which are form notes supplied by the bank) were executed at or about the time claimed by appellants, appellee introduced a certified copy of the charter of the Farmers' Bank, Incorporated, of Bird's Nest, Virginia, which unmistakably shows that the bank was not incorporated by the State Corporation Commission until July, 1918. This evidence demonstrates that the statements of appellants that the first three notes were executed at the time indicated were pure fabrications. In other words, appellants would have the court accept as true their statements as to the date of execution of these notes, when it actually appears that the notes were executed on forms which had not at the time been printed, furnished by a bank which at the time had not come into existence. In the light of this evidence a decree in favor of appellants would bring the courts into well deserved disrepute.

The decree in favor of the appellee will be affirmed.

*Affirmed.*