# Staunton

FIRST NATIONAL BANK OF BLUEFIELD, AND RECEIVERS FOR DICKENSON COUNTY BANK V. W. W. PRESSLEY, ET ALS.

September 5, 1940.

Record No. 2281.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*A. M. Phipps* and *W. L. Rush,* for the appellants.

*Roland E. Chase,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This suit was instituted by appellant to set aside as fraudulent a deed executed by W. W. Pressley conveying to his wife, Julia C. Pressley, a house and lot situated in the town of Clintwood, Virginia. A final decree was pronounced in favor of appellees and the bill of complaint was dismissed.

The material allegations of the bill of complaint are, that W. W. Pressley, president of the Dickenson County Bank, was indebted to the bank in a large sum of money, and that while so indebted, he, in fraud of the rights of the bank, conveyed certain property to his wife, Julia C. Pressley, for a fictitious consideration of $8,000.

Appellees filed their answer to the bill, denying specifically the allegations of fraud, and setting up the defense that the purchase of the house and lot was a *bona fide* transaction, and that the consideration of $8,000, recited in the deed of conveyance, was a valid consideration, being money belonging to the wife and actually paid to the husband for the property conveyed to her.

The sole issue in the case is whether or not the conveyance from W. W. Pressley to Julia C. Pressley, his wife, was made for the purpose of hindering, delaying and defrauding his creditors.

This court, in a long line of decisions, has dealt with the principles of law governing cases dealing with the subject of fraudulent conveyances. For the sake of continuity the citation of a few of the cases will suffice.

In *Baldwin & Brown* v. *Winfree*, 116 Va. 16, 20, 81 S. E. 36, 37, Judge Whittle quotes with approval the holding in *Fischer* v. *Lee*, 98 Va. 159, 165, 35 S. E. 441. There it is said:

"Insolvency does not deprive the owner of the right to dispose of his property, unless the sale or transfer is made with the intent to delay, hinder, or defraud his creditors; and the law does not then invalidate the title of the purchaser or transferee if the sale or transfer is for valuable consideration, and the purchaser or transferee has no notice of the fraudulent intent of the grantor."

In *Shoemaker* v. *Chapman Drug Co.*, 112 Va. 612, 72 S. E. 121, it is said (syllabus):

"The relationship of the parties and the insolvency of the grantor in a deed do not of themselves constitute badges of fraud and relieve the creditors of the grantor from the burden of proving the charges of fraud set forth in their pleadings. Fraud is never presumed, but must be clearly and distinctly proved. Yet, when a *prima facie* case of fraud has been shown, the burden shifts, and the defendant must establish the *bona fides* of the transaction."

In *Haynes* v. *Bunting*, 152 Va. 395, 147 S. E. 211, 212, this court approves the following statement of the law by Judge Burks in *Crowder* v. *Crowder*, 125 Va. 80, 99 S. E. 746:

"While fraud must be clearly proved by him who alleges it, it is not necessary that it should be expressly shown. It is rare that it can be. The participants are not apt to discuss it, but actions speak louder than words, and the transaction itself often furnishes proof of the fraud

that is entirely satisfactory. *Hazlewood* v. *Forrer,* 94 Va. 703, 27 S. E. 507; *Todd* v. *Sykes,* 97 Va. 143, 33 S. E. 517.

"A transaction may, of itself, and by itself, furnish the most satisfactory proof of fraud, so conclusive as to out-weigh the answer of the defendants, and even the evidence of witnesses."

See also, *Parr* v. *Saunders,* 1 Va. Dec. 731, 11 S. E. 979.

In *Parksley National Bank* v. *Parks,* 172 Va. 169, 200 S. E. 629, Mr. Justice Spratley, in dealing with an alleged fraudulent transaction between husband and wife, cites the recent case of *Fowlkes* v. *Tucker,* 164 Va. 507, 180 S. E. 302, and re-affirms the doctrine there stated by Mr. Justice Eggleston.

In the *Parks Case, supra,* this is said:

"It is well settled in a long line of Virginia cases, as a general rule, that transactions between husband and wife must be closely scrutinized to see that they are fair and honest, and not merely contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors. In a contest between the wife and her husband's creditors, the burden of proof is upon her to show satisfactorily the *bona fides* of the transaction. While in all such cases, the presumptions are against the wife, and in favor of the creditors, the presumptions may be repelled."

In *Sanderson* v. *Bell,* 154 Va. 415, 419, 153 S. E. 651, 652, it is said:

"While the rule of law involved in a suit to set aside a conveyance as fraudulent is well settled, the decision in the particular case depends in a large measure upon the facts adduced."

Taken at its full value the evidence adduced by appellants to show that W. W. Pressley was insolvent at the date of the conveyance to his wife, is not convincing. Proof that Pressley was involved financially does not meet the requirement of the law that one who alleges fraud must sustain the allegation by proof which is clear and convincing. Upon a conflict of evidence as to the solvency of

Pressley the trial court has determined the conflict in his favor. This holding of the trial court, while not conclusively binding upon this court, is most persuasive, especially in view of the fact that appellants have not shown by "clear, cogent and convincing" evidence that appellees are guilty of fraud in the execution and acceptance of the deed in question. See *Crump* v. *Bronson*, 168 Va. 527, 191 S. E. 663, and *Pollard & Bagby, Inc.* v. *Morton G. Thalhimer, Inc.*, 169 Va. 529, 537, 194 S. E. 701, as to the weight to be given the decision of the trial court upon a conflict of evidence.

Even though it should be conceded that a *prima facie* case of fraud has been shown by appellants, the proof adduced by appellees shows that they have borne the legal burden of establishing the *bona fides* of the transaction by clear and convincing evidence. The case of appellees may be thus summarized: In the year 1916, when, it is conceded that W. W. Pressley was solvent, he and his wife jointly purchased two hundred shares of "Freeport Texas Company stock" from John L. Williams and Sons, stockbrokers of Richmond, Virginia. This stock increased in value from one hundred dollars a share to nine hundred and sixty-seven dollars a share. All of the stock transactions between appellees and Williams and Sons were carried on in the joint name of Pressley and his wife. When John L. Williams and Sons ceased doing business, Mrs. Pressley hypothecated her one hundred shares of stock to Fenner and Beane, brokers of New York, to secure a loan of $2,500. This loan account, in the name of Julia Pressley, continued from July 13, 1928, to May 5, 1930. In the meantime, it is disclosed by the records of Fenner and Beane that Mrs. Pressley had numerous transactions with that company and that finally her account was closed out by the payment to her for her stock in "Freeport Texas Company" the sum of $9,263.49.

The record further discloses that Mrs. Pressley had a checking account at the Dickenson County Bank, and it appears without dispute that two checks for the sum of

$5,500 and $2,500 respectively, payable to W. W. Pressley, were charged to the account of Mrs. Pressley, and that said checks were turned over to the bank by Pressley and that he received credit for the sum of $8,000 on his indebtedness to the bank. It is further shown that out of the proceeds of her stock transactions, she paid the sum of $1,000 for the furniture in the house, and that the bank received the proceeds from this sale to her. It is thus seen that the bank profited by the purchase of the house and lot by Mrs. Pressley, who, if she had been fraudulently inclined could have pocketed the money received from the sale of her stock and thereby the indebtedness of W. W. Pressley would have been $9,000 larger than it eventually was.

The decree of the lower court is plainly right and it will be affirmed.

*Affirmed.*