## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

John C. Uzzle

    v.

John F. Gust et al.

December 28, 1962

Ended File No. E-303

By JUDGE ALEX H. SANDS, JR.

This matter is before the court upon the motion of defendants Forrest W. Mills and Jean W. Mills to strike the plaintiffs' bill of particulars and supplemental bill of particulars as not responsive and to strike the pleading (bill of complaint) to which the bill and supplemental bill of particulars were filed, the result of which would be to dismiss the suit as to the defendants Mills. This method of procedure for bringing the matter on for determination at this stage appears to be the correct method under rule 3:18(d) and (g). The matter is also before the court upon the demurrer of the defendants John F. Gust and Edith C. Gust.

### The Pleadings

As the Mills's motion involves primarily the question of the sufficiency of the plaintiff's pleadings and as such pleadings are quite prolix, the pertinent portions of these pleadings must be reviewed at the outset.

Quoad the Mills, the only pertinent portion of the eleven page complaint is found on page 10 thereof, paragraph XII. In this paragraph it is alleged (a) that the conveyance

from William F. and Rose A. Gust was for the purpose of hindering, delaying and defrauding a creditor, (b) that the conveyance was made by the Gusts with fraudulent intent, (c) that the Mills had full knowledge of such fraudulent intent and acted in collusion with the grantors to perpetrate such fraud, (i.e., the hindering, delaying and defrauding of a creditor).

Defendants Mills thereupon answered the complaint and specifically denied the allegations of paragraph XII of the complaint and then moved the court to order plaintiff to file a bill of particulars covering certain specified issues. Neither the bill of particulars filed July 30, 1962, in response to the order nor the supplemental statement of particulars filed October 30, 1962, was responsive to the inquiries and added anything to nor amplified in any way the allegations in the original bill of complaint, and the defendants Mills's motion to strike both the first and the supplemental bills of particulars must, therefore, be sustained.

### Sufficiency of the Bill of Complaint

This, then, leaves only for consideration whether the allegations in the original complaint, themselves, standing alone and without amplification, entitled the plaintiff to go to trial. If so, the Court should not have ordered a bill of particulars and a valid issue being made, the defendants Mills would not now be entitled to have the bill stricken. If on the other hand the bill, standing alone and without amplification does not properly state an issue, it should, quoad the Mills, be stricken as the bills of particulars, for reasons heretofore stated, do not better it.

That the bill does properly state an issue seems apparent from the authorities. Bearing in mind that paragraph XII charges (a) a conveyance with purpose to hinder, delay and defraud creditors, (b) knowledge of the Mills of such purpose and (c) collusion quoad of such transfer between the Mills and Gusts, the doctrine of *American Net, etc. Co.* v. *Mayo*, 97 Va. 182 (1899), would appear controlling. There the bill alleged only that the deeds in question were not upon consideration deemed valuable in law but were executed with intent to hinder, delay

and defraud complainant and that since such conveyance the defendant Mayo had no property out of which a judgment in favor of complainant could be satisfied. The court, overruling the contention of the defendant that these allegations alone did not state a sufficient charge to support an issue of fraudulent conveyance *as it did not state the particular facts* relied upon said:

> A bill of this character must at least tender an issue which can be met by a denial, and by testimony, and direct the court to an inquiry that is definite and intelligible, but *general certainty* is all that the courts of equity require in the statements of facts in a bill. Facts may often be indirectly alleged, or expressed by necessary implication; and a charge in general terms, where it is the point on which the merits of the cause turn, and does not come in collaterally and incidentally, *will warrant the production of evidence to particular facts.* (Emphasis supplied)

That paragraph XII of the bill of complaint in the instant case states a sufficient cause of action against the defendants Mills is borne out also by *Wheby* v. *Moir*, 102 Va. 875 (1904) (see top of page 877), *E. C. Temple* v. *Jones*, 179 Va. 286 (1942), and *Colony Investment Co.* v. *Cherrydale, etc.*, 194 Va. 454 (1952). It is evident, therefore, that as to the defendants Mills, paragraph XII of the complaint does state a cause of action against the Mills which would be good upon demurrer.

### Bills of Particulars

The fact that the bill of complaint would withstand a demurrer does not, however, necessarily mean that a bill of particulars should not be ordered and if properly ordered such bill of particulars must be filed and must be responsive to the points covered in the order, and if not responsive the court is empowered, under Rule 3:18(d) to strike not only the bill of particulars but the pleading which it attempts to, but does not, amplify.

Should, then, a bill of particulars have been ordered in the instant case?

Bearing in mind, therefore, that we are here concerned with the function of a *bill of particulars* as distinguished from that of the true discovery procedures such as interrogatories (in an action at law), a bill of discovery (in a suit in equity), the admissions statute (Va. Code sec. 8-111.1 (1960)) and discovery depositions under Rule 3:23 (limited it appears to actions at law), the sole function of a bill of particulars appears to be the clarification of allegations in a pleading. While the conditions justifying the ordering of a bill of particulars under Virginia practice has been suggested in numerous Virginia decisions (see *Alexander* v. *Kuykendall*, 192 Va. 8 (1951); *Miller* v. *Johnson*, 191 Va. 768 (1951)), yet the clearest statement is found in the comments of the Committee on the Rules (Judicial Council for Virginia, Proposed Modification of Practice and Procedure) to the effect that the true test is whether the moving party knows the ground of the claim *in sufficient detail to prepare his defense*. In regards this view of the Committee the author of a very excellent article dealing with bills of particulars in 39 Va. Law Review at page 991 makes this very practical observation:

> It was not intended under this test that the court should freely order a bill of particulars. According to the Committee the bill would only be required where the court is satisfied that the moving party does not *know* the grounds of the claim *in sufficient detail to prepare his defense.* (Emphasis supplied)

We must not, moreover, be unmindful of the principle of *Kelly* v. *Schneller*, 148 Va. 573 (1927), that "a plaintiff is not required, in a bill of particulars, to enter into matters of evidence."

It is felt that paragraph XII of the complaint as applied to the Mills, when read with other allegations of fact in the bill, certainly sufficiently informs the defendants Mills of the nature of the complainant's claim against them. A bill of particulars should not have been ordered in this case.

For these reasons the Mills's motion to strike the bill of particulars and the supplemental bill of particulars will be sustained and the motion to strike the complaint overruled.

As to the demurrer filed by the defendants John F. Gust and Edith C. Gust while the grounds assigned therefor might well be set up by way of defense, it is felt that the bill sufficiently states a case against these defendants to withstand a demurrer and the demurrer will, therefore, be overruled.