PRESENT: All the Justices

ANN MICHELLE WHITE

v.  Record No. 191599

OPINION BY
JUSTICE S. BERNARD GOODWYN
May 6, 2021

ANN ELIZABETH LLEWELLYN, ET AL.

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

In this appeal, we consider whether the circuit court erred in shifting only the burden of production—but not the burden of persuasion—to the defendants in a fraudulent conveyance suit, after the plaintiff established a presumption of a fraudulent conveyance.

BACKGROUND

In 2011, Ann Elizabeth Llewellyn (Ann) and David Bradford Llewellyn (Brad) (collectively, the Llewellyns), then husband and wife, purchased a house (the Residence) on Ziontown Road in Henrico County, Virginia.  On July 21, 2013, Ann drove out of the Residence's driveway and struck a vehicle driven by Ann Michelle White (White).  As a result of the collision, White suffered personal injuries and required several surgeries, including bi-lateral hip replacement.

Seeking damages for the injuries she suffered, White filed a personal injury suit against the Llewellyns in the Circuit Court of Henrico County on July 10, 2015.  White's suit included a negligence claim against Ann and a premises liability claim against both Ann and Brad.  In response, Ann filed an answer and a demurrer, and Brad filed a demurrer.

Before the accident, the Llewellyns had been experiencing marital problems.  Between 2012 and 2015, the Llewellyns separated, reconciled, separated again, and executed separation agreements.  On December 30, 2015, while White's personal injury suit was still pending against

both Ann and Brad, the Llewellyns finalized their divorce proceedings. The Llewellyns' final property settlement agreement indicated that Brad would receive ownership of the Residence.

On January 28, 2016, the circuit court sustained Brad's demurrer, thus dismissing Brad from the suit, but a claim against Ann remained pending.

On November 9, 2016, the Llewellyns executed a deed of gift (the 2016 Gift) granting Brad fee simple title over the Residence, "for and in consideration of mutual love and affection." After the 2016 Gift was executed, Ann and their children continued to live rent-free in the Residence.

On March 30, 2018, White filed the instant suit in the Circuit Court of Henrico County, seeking to void a purported fraudulent conveyance of the Residence to Brad pursuant to Code § 55.1-400 (formerly Code § 55-80), and to assess damages and fees pursuant to Code § 55.1-403 (formerly Code § 55-82.1). She alleged that the transfer of the Residence to Brad is prima facie fraudulent because of several badges of fraud, namely (1) the close familial relationship between Ann and Brad; (2) Ann's claim of insolvency; (3) the lack of marketable consideration; and (4) Ann's retention of possession and occupancy of the Residence.

In May 2018, after a trial of the negligence claim against Ann, the circuit court entered a final order on the jury's verdict which awarded White $1,500,000 in damages against Ann.

On April 4, 2019, at the subsequent trial of White's fraudulent conveyance suit, White called Ann and Brad as witnesses. Ann denied that she and Brad executed the 2016 Gift for the purpose of avoiding any liability in White's personal injury suit. She clarified that she executed the 2016 Gift as part of "housekeeping" measures to effect the transfer of title that passed "as part of the divorce agreement." Brad testified that, after the 2016 Gift was executed, he allowed Ann and their children to remain in the Residence so their children could remain close to the

2

schools that they were attending at the time of the divorce. He expounded that there was "no official end date" to Ann's and their children's stay in the Residence, but the arrangement would likely end after their middle son left for college.

At the conclusion of White's presentation of evidence, the circuit court found that White's evidence, which proved several badges of fraud, was sufficient to establish a presumption that the conveyance was fraudulent.

During the Llewellyns' presentation of evidence, Ann and Brad were again called as witnesses. Brad testified that White's personal injury suit did not have any effect on the transfer of the Residence's ownership; he and Ann simply negotiated the property settlement agreement for their divorce, without regard as to the pending suit. Ann testified that Brad allowed her and their children to remain in the Residence in order to help them deal with any anxiety and depression brought about by the divorce. She again denied that she and Brad executed the 2016 Gift for the purpose of avoiding any liability in White's personal injury suit, and noted that, as part of their separation agreement, she had retained sole ownership of a second residence.

At the end of the trial, the circuit court invited the parties to file letter briefs regarding (1) a plaintiff's burden of proof to establish fraudulent intent after badges of fraud have been proven and (2) what burden of proof shifts from a plaintiff to a defendant after badges of fraud have been proven.

After considering the parties' post-trial briefs, the circuit court held that the presumption of fraudulent conveyance is established "once the badges of fraud are [proven by a plaintiff and that the presumption] shifts the burden of production to the defendant, [but] not the burden of persuasion." Thus, it held that White retained the burden of persuasion to prove the fraudulent conveyance by clear and convincing evidence upon the Llewellyns meeting their burden to

produce "countervailing evidence tending to prove that the conveyance was not done with the intent to evade the plaintiff."

The circuit court ruled that it was convinced that the Llewellyns' testimony was sufficiently credible as to satisfy their burden to produce evidence that the transaction regarding the residence was not carried out with the intent to evade the rights of the plaintiff. The circuit court also noted that at the time that the Llewellyns entered the divorce agreement, both of them were still defendants in the suit brought by White. It concluded that the Llewellyns had satisfied their burden of production, and that White had failed to carry her burden of persuasion to prove a fraudulent conveyance by clear and convincing evidence.

The circuit court entered a final order dismissing White's complaint. The circuit court anchored its reasoning on four points, which it outlined. First, the Virginia Code places "the burden of proving fraudulent intent by clear and convincing evidence" on a plaintiff. Second, when a plaintiff establishes a prima facie case of fraudulent intent, then the effect is that her suit "survive[s] a motion to strike," but the trial itself is unaffected by the prima facie case. Third, when a plaintiff establishes a prima facie case of fraud, the burden of producing evidence shifts to the defendant, but the burden of persuasion by clear and convincing evidence remains with the plaintiff. Fourth, if a defendant presents "credible evidence" to rebut a presumption of fraud, then "the presumption disappears." Based on the foregoing, the circuit court held that the Llewellyns' testimonies regarding their reason for the transfer of the Residence was "credible and sufficient" to rebut any presumption of fraud established by White, and that White failed to carry her burden of proving fraudulent intent by clear and convincing evidence. The circuit court also denied White's request for attorneys' fees.

White appealed to this Court.

4

ANALYSIS

White alleges that the circuit court erred in ruling that after a plaintiff in a fraudulent conveyance case proves a badge of fraud, which creates the presumption of a fraudulent conveyance, the plaintiff still retains the burden of persuasion in proving a fraudulent conveyance by clear and convincing evidence. She claims that the circuit court, therefore, also erred in dismissing her case and in failing to award her attorneys' fees.

A party seeking to void a conveyance as fraudulent has the burden of proving by clear, cogent, and convincing evidence that the conveyance was made with intent to delay, hinder, or defraud creditors, and that the grantee had notice of the grantor's fraudulent intent. *La Bella Donna Skin Care, Inc. v. Belle Femme Enters., LLC*, 294 Va. 243, 254 (2017). Here, the parties do not dispute that White presented evidence which was sufficient to establish a presumption of a fraudulent conveyance. They disagree, however, on the effect of that presumption on the burden of proof.

"A presumption is a rule of law that compels the fact finder to draw a certain conclusion or a certain inference from a given set of facts." *Parson v. Miller*, 296 Va. 509, 524 (2018). We have long acknowledged that, for procedural purposes, a presumption of fraudulent conveyance arises when badges of fraud are proven. *See La Bella Donna Skin Care*, 294 Va. at 254. We have recognized the following badges of fraud:

> (1) retention of an interest in the transferred property by the transferor;
> (2) transfer between family members for allegedly antecedent debt; (3) pursuit of
> the transferor or threat of litigation by his creditors at the time of the transfer;
> (4) lack of or gross inadequacy of consideration for the conveyance; (5) retention
> or possession of the property by transferor; and (6) fraudulent incurrence of
> indebtedness after the conveyance.

5

*Id.* (quoting *Fox Rest Assocs., L.P. v. Little*, 282 Va. 277, 285 (2011)).  Proof of a single badge of fraud "may be sufficient to stamp [a] transaction as fraudulent."  *Hickman v. Trout*, 83 Va. 478, 491 (1887); *see also La Bella Donna Skin Care*, 294 Va. at 254.

There are two competing theories on the effect of presumptions on the burden of proof.  *Parson*, 296 Va. at 524-25.

> On one side is the "Thayer theory," set forth by Professor James B. Thayer, and also known as the "bursting bubble theory."  This theory states that the only effect of a presumption is to shift the burden of production with regard to the presumed fact.  Under this theory, once the party against whom the presumption operates introduces countervailing evidence, the presumption "disappears like a bursting bubble and no longer has any impact on the trial."  The party who initially benefitted from this presumption still retains the burden of persuasion on the factual issue in question.  The competing theory of presumptions is often referred to as the "Morgan theory," credited to Professor Edward Morgan, and under this theory a presumption has the effect of shifting both the burden of production and the burden of persuasion on the factual issue in question against whom the presumption operates.

*Id.* at 525 (internal citations omitted).

The burden of production "is the obligation to come forward with evidence to make a prima facie case."  *Id.* (quoting Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 5-1[a], at 298 (7th ed. 2012)).  The burden of persuasion "is the obligation to introduce evidence that actually persuades the fact finder to the requisite degree of belief that a particular proposition of fact is true."  *Id.* (quoting Friend & Sinclair, *supra* at § 5-1[a], at 298).  We have also referred to the burden of persuasion "as the 'risk of non-persuasion,' because the party that bears the burden of persuasion must lose the case if the evidence leaves the factfinder in doubt."  *Id.*

Rule 2:301 of the Virginia Rules of Evidence sets out the Thayer theory as a default approach on the effect of presumptions on the burden of proof:

6

Unless otherwise provided by Virginia common law or statute, in a civil action a rebuttable presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof, which remains throughout the trial upon the party on whom it originally rested.

Despite the default approach under Rule 2:301, we have not, in Virginia, adopted a single rule governing the effect of all presumptions. *Parson*, 296 Va. at 525. The question of whether the Thayer theory or the Morgan theory applies to a presumption in a particular type of case is dictated by whether Virginia common law or a statute requires the application of the Morgan theory in that type of case.

There are examples of both "Thayer theory" and "Morgan theory" presumptions in Virginia jurisprudence. *See Life & Cas. Ins. Co. of Tenn. v. Daniel*, 209 Va. 332, 340-42 (1968) (applying a "Morgan theory" approach in the presumption against suicide that arises in claims under life insurance policies and shifting the burden of production and persuasion); *Young*, 34 Va. App. at 312 (applying a "Morgan theory" presumption in birth injury cases and shifting the burden of production and persuasion on the issue of causation); *Volvo White Truck Corp. v. Vineyard*, 239 Va. 87, 91-92 (1990) (applying a "Thayer theory" approach and holding that the presumption that the bailee was negligent operated only to shift the burden of production and not the burden of persuasion); *see also* Rule 2:301 of the Virginia Rules of Evidence (adopting a "Thayer theory" approach and stating that a rebuttable presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut the presumption, but does not shift the burden of proof). In Virginia, the effect of a particular presumption on the burdens of production and persuasion depends upon the purposes underlying the creation of the presumption. *See Young*, 34 Va. App. at 311 (holding that in order to achieve the purpose of Code § 38.2-5008(A), the presumption set forth in that statute must be construed according to the "Morgan theory").

*Parson*, 296 Va. at 525-26.

Here, White urges that the Morgan theory applies to presumptions of fraudulent conveyance, while Brad argues that the Thayer theory applies. White argues that the circuit court erred when, upon finding that there was a prima facie case of a fraudulent conveyance, it

7

did not shift the full burden of proof to the Llewellyns. She further urges that proof of badges of fraud stamps a transaction as fraudulent, thereby requiring rebuttal by strong and clear evidence. Brad responds[*] that the circuit court did not err in its allocation of the burden of proof and in its shifting of only a burden of production from White to the Llewellyns, upon White's proof of a badge of fraud. Brad argues that he is not required to disprove fraudulent intent by clear, cogent, and convincing evidence, and he insists that he is only required to rebut White's evidence or, at the very least, to bring into equipoise the issue of fraud, which the circuit court found him to have done, and that the circuit court was correct in ruling that the burden of persuasion remained with White.

We recognize that our Court has not explicitly stated which theory applies to presumptions of fraudulent conveyance in Virginia. However, we have previously held that once a presumption of fraudulent conveyance arises, the burden of proof shifts to the defendant "to establish the bona fides of the transaction." *La Bella Donna Skin Care*, 294 Va. at 254; *Fox Rest Assocs.*, 282 Va. at 285-86; *Hutcheson v. Savings Bank of Richmond*, 129 Va. 281, 292 (1921).

In *Hutcheson*, the creditor established a prima facie case of fraudulent conveyance against the defendant-debtors by proving two badges of fraud. *Hutcheson*, 129 Va. at 295. We affirmed the circuit court ruling in favor of the creditor based upon the creditor's prima facie case of fraudulent conveyance because the defendant-debtors did not meet their burden to establish the bona fides of the transaction when they elected to stand on the record made by the creditor, rather than present evidence of the bona fides of the transaction. *Id.* at 295-96. We observed that the defendant-debtors should have presented evidence of the transaction's bona

---

[*] Ann did not file a response to White's appeal.

fides, such as proof of indebtedness, evidence of loan securities, conduct usual to the lending business, and payments of interest.  *Id.* at 293-95.

We have required strong and clear evidence to establish the bona fides of a presumptively fraudulent conveyance.  *Hickman*, 83 Va. at 490-91; *see First Nat'l Bank of Bluefield v. Pressley*, 176 Va. 25, 30 (1940) (imposing upon the defendants "the legal burden of establishing the *bona fides* of the transaction by clear and convincing evidence"); *see also Fowlkes v. Tucker*, 164 Va. 507, 511 (1935) (requiring a grantee-spouse "to show by clear and satisfactory evidence the *bona fides* of the transaction," and recognizing that "the presumption is in favor of the creditors" once a prima facie case of fraudulent conveyance is established).

We have stated that strong and clear evidence rebuts a prima facie case of a fraudulent conveyance if it gives a countervailing explanation for the opposing party's badges of fraud.  *See Hickman*, 83 Va. at 490-91 (explaining that "where the evidence shows a prima facie case of fraud, the burden of showing that the transaction was fair lies upon the one who seeks to uphold it").  In *Hickman*, the plaintiff-creditor presented evidence to establish several badges of fraud. *Id.* at 491.  The items of evidence supporting these badges of fraud were "left unexplained" by the defendant-grantee.  *Id.*  We held that the defendant-grantee failed to rebut the prima facie case of fraudulent conveyance because he failed to explain the creditor's badges of fraud in a manner that, instead of indicating fraud, would support the transactions' fairness.  *See id.* at 491-92.  We stated that a defendant-grantee "must prove" or "establish" the fairness of the transaction by strong and clear evidence that repels the conclusion to which the opposing party's badges of fraud "irresistibly lead."  *See id.* ("When several [badges of fraud] are found in the same transaction, strong and clear evidence will be required [from] the upholder of the transaction to repel the conclusion of fraudulent intent. . . . [Thus, if the] facts [establish a] *prima facie* case of

9

fraud[, then it] put[s] on the grantee, not only in behalf of common fairness, but in self-vindication, the burden of repelling the conclusion to which they irresistibly lead . . . .").

"When a prima facie case of fraud has been shown, the settled rule is that the burden shifts, and the defendants must establish the bona fides of the transaction." *Hutcheson*, 129 Va. at 292. "Establish" means "[t]o prove;" or "to convince someone of." Black's Law Dictionary 688 (11th ed. 2019); Webster's Third New International Dictionary 778 (1993). In requiring defendants to rebut a presumption of fraudulent conveyance by strong and clear evidence, our prior cases have imposed upon a defendant the duty to convince a fact-finder to a requisite degree of belief. *See Hickman*, 83 Va. at 490. By definition, it is the burden of persuasion that places on a litigant "the obligation to introduce evidence that actually persuades the fact finder to the requisite degree of belief." *SunTrust Bank v. PS Business Parks, L.P.*, 292 Va. 644, 652 (2016) (quoting Friend & Sinclair, *supra* at § 5-1[a], at 298). We conclude that, in requiring defendants to "prove" and "establish" the bona fides of a transaction by strong and clear evidence once the presumption of a fraudulent conveyance is established, our precedent has required the shifting of the burden of persuasion as well as the burden of production to the defendant, in fraudulent conveyance cases. *See La Bella Donna Skin Care*, 294 Va. at 254; *Hickman*, 83 Va. at 490.

Our previous decisions in fraudulent conveyance cases show that we have previously shifted both the burdens of production and persuasion to parties seeking to uphold a transaction once a presumption of a fraudulent conveyance is established. Therefore, the presumption created by evidence of badges of fraud, in a fraudulent conveyance case in Virginia, is of the "Morgan theory" variety.

10

Considering the foregoing, we find that the circuit court erred when it did not shift to the Llewellyns the burden of persuasion along with the burden of production, and when it did not apply a standard of proof that required strong and clear evidence, in weighing the sufficiency of the Llewellyns' evidence offered to rebut the presumption of a fraudulent conveyance.

CONCLUSION

On this issue of first impression, we agree with White's position that a presumption of fraudulent conveyance, created upon the proof of badges of fraud, shifts both the burdens of production and persuasion to the party seeking to uphold the validity of the transaction by rebutting the presumption. Therefore, the circuit court erred when it did not consider whether the Llewellyns established the bona fides of the transaction by strong and clear evidence. Because of the incorrect standard used by the circuit court in evaluating the evidence before it, it cannot be discerned, as a matter of law, whether the circuit court erred in not granting judgment and attorneys' fees to White. *See Nuckols v. Nuckols*, 228 Va. 25, 37 (1984) (remanding a case when the circuit court improperly allocated the burden of proof because the circuit court should resolve the abundant conflicting evidence on material points of the case). Thus, for the reasons stated, we will reverse the judgment of the circuit court and remand this case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*